■ CALVERT FIRE INSURANCE COMPANY et al., Plaintiffs, v SPECIAL RISK COVERS, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. NORTH ATLANTIC INSURANCE COMPANY, LIMITED, et al., Third-Party Defendants-Appellants, et al., Third-Party Defendant.—Order of the Supreme Court, New York County (David H. Edwards, Jr., J.), entered May 3, 1985, which denied third-party defendants' motion, pursuant to CPLR 3211 (a) (7) and (8), to dismiss the third-party complaint against them on the grounds of improper service and failure

to state a third-party claim or, alternatively, to stay the third-party action pursuant to CPLR 7503 (a) on the ground of the arbitrability of the dispute, unanimously reversed, on the law, third-party defendant's motion granted and the third-party complaint dismissed pursuant to CPLR 3211 (a) (8), with costs.

Calvert and Cavalier (Calvert) hired Facultative to act as general managing agent, authorizing Facultative to issue insurance policies in the name of Calvert. Facultative arranged for reinsurance by third-party defendants (Reinsurers). The agreement provided for automatic reinsurance on certain policies issued by Facultative for Calvert, but, if the gross revenues of an insured company exceeded $25,000,000, the Reinsurers had to receive full details for their approval before being bound.

Facultative issued policies to two companies with revenues greater than $25,000,000. Those two companies collected under Calvert policies issued by Facultative. Calvert alleges that Facultative failed to submit the required information to the Reinsurers and, as a result, the Reinsurers refused to pay Calvert money they might otherwise have owed.

Facultative denies it neglected to submit the required material. It commenced a third-party action against Reinsurers by service upon the law firm of D'Amato and Lynch. Under article 12 of the reinsurance treaty between Calvert and the Reinsurers, service may be made upon the Reinsurers through D'Amato and Lynch.

While Calvert and the Reinsurers intended their treaty exclusively to bind each other to the stated method of service, it had no application to others. Anyone else wishing to start an action had to follow the normal procedure for service. (See, CPLR 310, 311, 318.) Facultative failed to do that. Therefore, the court did not have in personam jurisdiction over the Reinsurers, and, accordingly, we grant the requested dismissal. (CPLR 3211 [a] [8].)

Facultative claims proper service under a theory of agency, but it would seem that as the object of a lawsuit by Calvert, it cannot simultaneously act as Calvert's agent in a related action. Nor can it claim proper service as a third-party beneficiary of the treaty. Service could have easily been effected through the State Superintendent of Insurance. (Insurance Law § 1212.) Concur—Kupferman, J. P., Ross, Milonas, Kassal and Rosenberger, JJ.