■ In the Matter of THEODORE T., Appellant. CHARLES T., Respondent. [813 NYS2d 733]—In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the person and property of Theodore T., an alleged incapacitated person, Theodore T., appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated March 22, 2005, as, in effect, denied that branch of his motion which was to vacate a determination of the same court, after a hearing, relieving his retained counsel, and, upon reargument, adhered to its original determination in an order of the same court dated October 27, 2004, in effect, denying his prior cross motion to dismiss the petition.

Ordered that the order dated March 22, 2005, is reversed insofar as appealed from, on the law, with costs, upon reargument, the prior cross motion to dismiss the petition is granted, the petition is dismissed, the order dated October 27, 2004, is modified accordingly, and that branch of the motion which was to vacate the determination relieving the appellant's retained counsel is denied as academic.

At the time this proceeding was commenced, the Mental Hygiene Law required that the order to show cause bringing on the petition be returnable within 28 days from the date on which the petition was filed (see Mental Hygiene Law former § 81.07 [a] [1] [since amended by L 2004, ch 438, § 5]). Here, the petition was filed on April 1, 2004, but the order to show cause was not returnable until May 10, 2004. The Supreme Court erred, therefore, in denying the prior cross motion of the alleged incompetent person to dismiss the petition.

In light of this disposition, the remaining issues raised on this appeal have been rendered academic. Schmidt, J.P., Crane, Rivera and Spolzino, JJ., concur.