■ In the Matter of CONNIE BAKER, Appellant, v LAWRENCE W. BAKER, Respondent. [914 NYS2d 395]—

---

* This is in contrast to the procedure established in the stipulation for determination of the other unresolved issue.

Cardona, P.J. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered December 29, 2009, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for modification of a prior child support order.

The parties are the parents of two children, a son born in 1990 and a daughter born in 1993. In August 2007, the parties entered into a separation agreement wherein they agreed, among other things, to joint legal custody of the children with "primary placement" with respondent (hereinafter the father). The parties further agreed that, notwithstanding the provisions of the Child Support Standards Act, neither party would be obligated to pay child support. The separation agreement was incorporated but not merged into the parties' January 2008 judgment of divorce. In July 2008, petitioner (hereinafter the mother) filed a modification petition seeking child support based upon an unanticipated change in circumstances in that both children resided with her. By decision dated January 2, 2008, a Support Magistrate granted the petition. Upon written objections by the father, Family Court vacated that decision and, finding no change in circumstances, dismissed the petition.

Initially, we are unpersuaded by the mother's contention that Family Court erred in not dismissing the father's objections given that they were served only on her and not upon her counsel. The record establishes that the mother subsequently provided her counsel with a copy of the objections and, absent any prejudice, the court appropriately disregarded the irregularity (see CPLR 2001; Matter of Perez v Villamil, 19 AD3d 501, 501-502 [2005]).

Turning to the merits, we note that "[a] party seeking modification of a child support provision derived from an agreement or stipulation incorporated but not merged into a divorce decree has the burden of proving that the agreement was unfair or inequitable when entered into or that an unanticipated and unreasonable change of circumstances has occurred resulting in a concomitant increased need or that the needs of the children are not being adequately met" (Matter of Sidoti v Sidoti, 41 AD3d 944, 944-945 [2007] [internal quotation marks and citations omitted]; see Matter of Brescia v Fitts, 56 NY2d 132, 141 [1982]; Matter of Boden v Boden, 42 NY2d 210, 213 [1977]). Here, the mother does not contend that the separation agreement was unfair or inequitable at the time it was entered.

Rather, in support of her modification petition, the mother asserts that there has been a substantial change in circumstances inasmuch as the children now reside with her rather than with the father, as contemplated in the parties' separation agreement.

Notably, the separation agreement specifically provides that neither party would be responsible for the payment of child support, based in part upon the parties' equivalent incomes. Significantly, the mother does not allege in the petition, nor does the record establish, that the children's needs were not being met. In addition, the record demonstrates that the children's change in residence occurred prior to the entry of the judgment of divorce. Specifically, the daughter moved in with the mother prior to the parties signing the separation agreement and, after the stipulation but before the issuance of the judgment of divorce, the son also began residing with the mother. Under all of these circumstances, we find no reason to disturb Family Court's decision dismissing the modification petition (*see Matter of Brescia v Fitts*, 56 NY2d at 141; *Matter of Boden v Boden*, 42 NY2d at 213; *Matter of Ianniello v Fox*, 33 AD3d 1094, 1095 [2006]).

Spain, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.