MELISSA J. JOHNS, Individually and as Executor of the Estates of IZZY BELL N. BEAM and Another, Deceased, et al., Respondents, v VAN BRUNT MOTORS, INC., et al., Defendants, and FAURECIA S.A., Appellant. [932 NYS2d 568]—

Kavanagh, J. 

On November 19, 2008, plaintiffs filed a summons and complaint with the Chemung County Clerk naming, among others, defendant Faurecia S.A. (hereinafter defendant) as a defendant in this action. Subsequently, plaintiffs moved for additional time to effect service upon defendant, which is a foreign corporation that is located in Nantere, Cedex, France (*see* CPLR 306-b). After Supreme Court granted that motion, plaintiffs, on

September 11, 2009, served defendant with a summons with notice in France. After filing a notice of appearance and demanding a copy of the complaint, defendant filed an answer which, among other things, claimed that it had not been properly served in the action. Thereafter, defendant moved for summary judgment dismissing the complaint alleging that, since it had not been properly served, Supreme Court lacked personal jurisdiction over it. Supreme Court denied the motion, prompting this appeal.

Defendant claims that it was not properly served because plaintiffs commenced this action by filing a summons and complaint with the County Clerk, but only served it with a copy of a summons with notice. Defendant contends that plaintiffs were required to serve it with the pleadings that had been originally filed with the County Clerk and that, on these facts, its service of a summons with notice was jurisdictionally defective and did not comport with Supreme Court's order extending its time for service or with the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (*see* 20 UST 361, TIAS No. 6638 [1969]). While Supreme Court agreed that plaintiffs' use of a summons with notice was irregular, it found that it did not deprive the court of personal jurisdiction over defendant and that it was a defect that the court had the power to disregard. In that regard, CPLR 2001 provides: "At any stage of an action, including the filing of a summons with notice, summons and complaint or petition to commence an action, the court may permit a mistake, omission, defect or irregularity, including the failure to purchase or acquire an index number or other mistake in the filing process, to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded, provided that any applicable fees shall be paid."

Here, the summons and complaint used by plaintiffs to commence this action was timely filed and a summons with notice was served upon it within the time provided by Supreme Court in its order (*see* Siegel, NY Prac § 63, at 93 [4th ed]). Moreover, defendant does not claim that its ability to defend this action has been in any way compromised because it was served with a summons with notice as opposed to a summons and complaint (*see Schroeder v Good Samaritan Hosp.*, 80 AD3d 744, 746 [2011]) and acknowledges receiving, after making an appropriate demand, a copy of the summons and complaint that had

been filed by plaintiffs with the County Clerk.[1] As such, we are unable to conclude that Supreme Court abused its discretion in choosing to disregard the irregularities that defendant claims were employed by plaintiffs in the service of this process (*see Ruffin v Lion Corp.*, 15 NY3d 578 [2010]; *Matter of Baker v Baker*, 80 AD3d 849, 850 [2011]).[2]

Finally, defendant argues that Supreme Court erred in not dismissing the complaint against another defendant, Chang Heung Precision Co., LTD, because it had not been properly served. However, in its motion for summary judgment, defendant did not request any form of relief on behalf of Chang Heung and Supreme Court made no findings in that regard as to that entity. Therefore, defendant's arguments in regard to Chang Heung are not properly before this Court on this appeal and need not be addressed.

Mercure, J.P., Rose, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, with costs.

---

1. Defendant does complain that the complaint it received was in English, forcing it to bear the substantial cost of translating it into French.

2. In this regard, defendant argues that plaintiffs' counsel made various misrepresentations to Supreme Court when it sought an extension of time to serve process and, in particular, claims that the summons with notice that was served upon it was never filed by plaintiffs with the Chemung County Clerk.