[59 NYS3d 524]

In the Matter of ONEIDA PUBLIC LIBRARY DISTRICT, Appellant, v
TOWN BOARD OF THE TOWN OF VERONA et al., Respondents.

Third Department, July 13, 2017

## APPEARANCES OF COUNSEL

*Hancock Estabrook, LLP*, Syracuse (*James P. Youngs* of counsel), for appellant.

*Rossi & Rossi, PLLC*, New York Mills (*Vincent J. Rossi Jr.* of counsel), for respondents.

## OPINION OF THE COURT

AARONS, J.

Appeal from a judgment of the Supreme Court (Cerio Jr., J.), entered April 25, 2016 in Madison County, which, in a proceeding pursuant to CPLR article 78, among other things, dismissed the petition.

Petitioner commenced this CPLR article 78 proceeding stemming from respondents' separate rejections of a bonding resolution that would have financed the construction of a new library. A notice of petition and verified petition was filed on November 30, 2015 and service of process was effectuated on the same day by personal service. The notice of petition did not set forth a return date. In December 2015, respondents moved to change venue of the proceeding. In January 2016, respondents answered the petition and alleged as an objection, among other things, that Supreme Court lacked personal jurisdiction due to the absence of a return date on the notice of petition. In an order dated February 4, 2016, Supreme Court denied respondents' motion to change venue. That same day, petitioner served an amended notice of petition that specified a return date. Petitioner subsequently moved by order to show cause seeking to compel respondents to accept late service of the amended notice of petition. Supreme Court dismissed the peti-

tion finding that personal jurisdiction over respondents was not acquired due to petitioner's failure to specify a return date on the notice of petition.[1] Supreme Court also denied petitioner's motion seeking an order compelling respondents to accept the amended notice of petition. Petitioner appeals.

Notwithstanding the requirement that a notice of petition specify when and where the petition is to be heard (*see* CPLR 403 [a]), it is undisputed that the initial notice of petition served and filed by petitioner omitted a return date. We have previously found that such omission was fatal, thereby precluding a court's reliance on CPLR 2001, inasmuch as "acquisition of personal jurisdiction [was] a prerequisite to the exercise of a court's discretionary power to correct an irregularity or permit prosecution of a matter brought in an improper form" (*Matter of Common Council of City of Gloversville v Town Bd. of Town of Johnstown*, 144 AD2d 90, 92 [1989]).[2] Consistent with this principle, we have held that a notice of petition that omits a return date is jurisdictionally defective and cannot be deemed a "mere irregularity" (*Matter of Lamb v Mills*, 296 AD2d 697, 698 [2002], *lv denied* 99 NY2d 501 [2002]; *see Matter of Oates v Village of Watkins Glen*, 290 AD2d 758, 759 [2002]; *Matter of Hawkins v McCall*, 278 AD2d 638, 638 [2000], *lv denied* 96 NY2d 713 [2001]; *Matter of Vetrone v Mackin*, 216 AD2d 839, 840-841 [1995]; *Matter of Kalinsky v State Univ. of N.Y. at Binghamton*, 188 AD2d 810, 811 [1992]). In one instance, while we noted that we were "by no means pleased" in having to dismiss a petition because of an omitted return date on the notice of petition, we were "constrain[ed]" to do so because "the law appear[ed] to permit no other outcome" (*Matter of Oates v Village of Watkins Glen*, 290 AD2d at 759-760).

Since these decisions, however, CPLR 2001 was amended in 2007 to permit courts to disregard mistakes, omissions, defects or irregularities made at the commencement of a proceeding, which includes commencement by the filing of a petition (*see generally Pike Co., Inc. v County of Albany*, 75 AD3d 983, 985 n [2010]). Indeed, the purpose behind amending CPLR 2001 was "to allow courts to correct or disregard technical defects, occur-

---

**1.** While respondents asserted other objections in support of dismissing the petition, in light of its determination, Supreme Court neither addressed the merits of those objections nor reached the merits of the petition.

**2.** Contrary to petitioner's contention, respondents did not waive their lack of personal jurisdiction defense by moving to change venue (*see Montgomery v Minarcin*, 263 AD2d 665, 666-667 [1999]).

ring at the commencement of an action [or proceeding], that do not prejudice the opposing party" and "to fully foreclose dismissal of actions for technical, non-prejudicial defects" (*Ruffin v Lion Corp.*, 15 NY3d 578, 582 [2010] [internal quotation marks and citation omitted]). In view of the amendment of CPLR 2001, the rule articulated in our prior decisions—a notice of petition lacking a return date is jurisdictionally defective and, therefore, prohibits a court from exercising its authority under CPLR 2001—is no longer tenable. We now hold that the omission of a return date in a notice of petition does not constitute a jurisdictional defect so as to deprive the court from assessing whether such omission may be excused under CPLR 2001, and our prior decisions stating to the contrary should no longer be followed for such proposition.

To that end, a court may allow a petitioner to correct any mistake, omission, defect or irregularity in the filing process upon such terms as may be just (*see* CPLR 2001). CPLR 2001 also states that the court shall disregard any such mistake, omission, defect or irregularity if the right of a party is not substantially prejudiced. "[T]he primary purpose of a petition is to give notice to the respondent that the petitioner seeks a judgment against [a] respondent so that it may take such steps as may be advisable to defend the claim" (*Matter of Great E. Mall v Condon*, 36 NY2d 544, 549 [1975]; *see Matter of Troy Props. v Dimitriadis*, 56 AD3d 1086, 1087 [2008]). A return date accomplishes this purpose by notifying the responding party when responsive papers must be served and when the petition will be heard (*see Matter of Garth v Board of Assessment Review for Town of Richmond*, 13 NY3d 176, 180 [2009]).

Here, the record reflects that respondents had sufficient notice of the petition. Indeed, respondents' counsel conceded at oral argument before Supreme Court that they had "plenty of time to respond" and, on appeal, they do not contend that they suffered any prejudice. As such, the omission of a return date should have been disregarded as a mere technical infirmity (*see* CPLR 2001; *see generally Ruffin v Lion Corp.*, 15 NY3d at 582).

In light of our determination, petitioner's motion to compel respondents to accept service of the amended notice of petition has been rendered academic. Because Supreme Court did not reach respondents' remaining objections in points of law or the merits of the petition, the matter must be remitted to that court for further proceedings.

EGAN JR., J.P., LYNCH, DEVINE and CLARK, JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.