Appeal from a judgment (denominated order and judgment) of the Supreme Court, Onondaga County (James P. Murphy, J.), dated May 19, 2016 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.
 

 It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the petition is reinstated, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: After petitioner was terminated from his job with respondent New York State Office for People with Developmental Disabilities, he commenced this proceeding pursuant to CPLR article 78 challenging that termination. Supreme Court dismissed the petition on jurisdictional grounds because the notice of petition served and filed by petitioner omitted a return date in violation of CPLR 403 (a). We now reverse.
 

 In dismissing the petition, the court relied on a line of cases, all from the Third Department, holding that such an omission constitutes a jurisdictional defect (see e.g. Matter of Lamb v Mills, 296 AD2d 697, 698-699 [2002], lv denied 99 NY2d 501 [2002]; Matter of Oates v Village of Watkins Glen, 290 AD2d 758, 759 [2002]; Matter of Hawkins v McCall, 278 AD2d 638, 638 [2000], lv denied 96 NY2d 713 [2001]; Matter of Vetrone v Mackin, 216 AD2d 839, 840 [1995]). Those cases, however, were all decided before CPLR 2001 was amended in 2007 “to permit courts to disregard mistakes, omissions, defects or irregularities made at the commencement of a proceeding, which includes commencement by the filing of a petition” (Matter of Oneida Pub. Lib. Dist. v Town Bd. of the Town of Verona, 153 AD3d 127, 129 [2017]), and the Third Department has since held that “the rule articulated in [its] prior decisions — a notice of petition lacking a return date is jurisdictionally defective and, therefore, prohibits a court from exercising its authority under CPLR 2001 — is no longer tenable” (id. at 130). We agree inasmuch as “the purpose behind amending CPLR 2001 was ‘to allow courts to correct or disregard technical defects, occurring at the commencement of an action [or proceeding], that do not prejudice the opposing party’ and ‘to fully foreclose dismissal of actions for technical, non-prejudicial defects’ ” (id. at 129-130, quoting Ruffin v Lion Corp., 15 NY3d 578, 582 [2010]).
 

 We therefore reverse the judgment, reinstate the petition, and remit the matter to Supreme Court to exercise the discretion afforded to it under CPLR 2001.
 

 Present — Smith, J.P., Peradotto, Lindley, DeJoseph and Winslow, JJ.