Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered August 1, 2016. The order and judgment denied the motion of respondent to dismiss the petition.
 

 It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.
 

 Memorandum: Petitioner commenced the instant proceeding pursuant to Education Law § 3020-a (5) (a) and CPLR 7511 to vacate a compulsory arbitration determination terminating his employment as a middle school assistant principal. The initial notice of petition was served before the index number and return date were assigned, and it therefore contained neither an index number nor a return date. Petitioner subsequently served an updated notice of petition reflecting the newly-assigned index number, but which again omitted the still-unassigned return date. When the return date was eventually set, petitioner’s attorney faxed a letter conveying the assigned date to respondent’s attorney. The parties thereafter agreed to adjourn the return date for over two weeks in order to afford respondent additional time to answer. Before the adjourned return date, however, respondent moved to dismiss the petition for lack of personal jurisdiction due to the omitted return dates in the initial and updated notices of petition. Supreme Court denied the motion, and we now affirm.
 

 A “notice of petition shall specify the time and place of the hearing on the petition” (CPLR 403 [a]). The omission of a return date in a notice of petition does not, however, deprive a court of personal jurisdiction over the respondent (see Matter of Kennedy v New York State Off. for People with Dev. Disabilities, 154 AD3d 1346, 1347 [4th Dept 2017]; Matter of Oneida Pub. Lib. Dist. v Town Bd. of the Town of Verona, 153 AD3d 127, 129-130 [3d Dept 2017]; see also Matter of United Servs. Auto. Assn. v Kungel, 72 AD3d 517, 517-518 [1st Dept 2010]; see generally Matter of Garth v Board of Assessment Review for Town of Richmond, 13 NY3d 176, 179-181 [2009]). Indeed, such a technical defect is properly disregarded under CPLR 2001 so long as the respondent had adequate notice of the proceeding and was not prejudiced by the omission (see Kennedy, 154 AD3d at 1347; Oneida Pub. Lib. Dist., 153 AD3d at 129-130; United Servs. Auto. Assn., 72 AD3d at 517-518).
 

 Here, it is undisputed that respondent had ample notice of the proceeding from its inception. Moreover, respondent has not identified any prejudice from the omitted return dates. The technical defects in the notices of petition should therefore be disregarded under CPLR 2001 (see Oneida Pub. Lib. Dist., 153 AD3d at 130). Respondent’s motion to dismiss was properly denied.
 

 Present—Centra, J.P., Peradotto, Lindley, NeMoyer and Troutman, JJ.