Devine, J.
 

 Appeal from an order of the Supreme Court (McNally Jr., J.), entered October 14, 2016 in Albany County, which, among other things, denied defendant’s cross motion to, among other things, change venue from Albany County to West-chester County.
 

 In April 2012, plaintiffs agreed to sell real property in the City of Yonkers, Westchester County to Glenwood POH, LLC, with Glenwood granting a purchase money mortgage to plaintiffs and agreeing to provide security for any capital gains income tax liability incurred by them. Glenwood subsequently entered into a separate agreement in which it committed to providing confessions of judgment that would serve as security for plaintiffs’ potential capital gains income tax liability. For reasons that are not made clear in either agreement, defendant, a member of Glenwood, personally executed two confessions of judgment in December 2012, one in favor of plaintiff Kenneth L. Capolino for $100,800 and the other in favor of plaintiff Glenplace Equities for $643,200.
 

 Glenwood then transferred title and its obligations under the mortgage to another limited liability company of which defendant was the sole member. In March 2016, after defendant rebuffed a demand to reimburse plaintiffs for certain income taxes, plaintiffs commenced this action by filing a summons and motion for summary judgment in lieu of complaint in Albany County (see CPLR 3213). Plaintiffs sought judgment against defendant for the amounts set forth in the confessions of judgment that she had provided. Moreover, relying upon a provision in the purchase and sale agreement, plaintiffs served defendant with the summons and motion papers by mail.
 

 Defendant served a demand to change venue to Westchester County. When plaintiffs opposed that demand, defendant cross-moved for dismissal due to a lack of personal jurisdiction or, alternatively, for a change of venue. Supreme Court denied the cross motion in its entirety and, discerning material questions of fact, declined to grant summary judgment and directed the parties to serve formal pleadings. Defendant, focusing solely upon the denial of her cross motion, appeals.
 
 [1]
 

 Plaintiffs, in arguing that they properly venued this action in Albany County and served defendant by mail, rely upon provisions in the purchase and sale agreement between plaintiffs and Glenwood. Defendant and the limited liability companies of which she is a member “are distinct entities,” however, and the former is not individually bound by the contractual commitments of the latter (Angelino v Francis J. Angelino, D.D.S., P.C., 83 AD3d 1186, 1188 [2011]; see Panasuk v Viola Park Realty, LLC, 41 AD3d 804, 805 [2007]; see also Limited Liability Company Law §§ 609 [a]; 610). Nothing in the purchase and sale agreement binds defendant to its terms, instead making clear that no “shareholder, director, officer of or principal or agent of” Glenwood will “have any personal liability, directly or indirectly, under or in connection with” either the agreement or any amendments to it. Contrary to plaintiffs’ suggestion, defendant did not later agree to be so bound in an extension agreement that she executed in her capacity as a member of Glenwood that left the relevant provisions of the purchase and sale agreement “in full force and effect.” As a result, plaintiffs may not invoke those contractual provisions in this action against defendant.
 

 Due to the inapplicability of those contractual provisions, plaintiffs’ effort to serve defendant by mail was deficient in that service “under CPLR 3213 is subject to the rules governing service of the summons generally” (David D. Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3213:9; see e.g. Calvert Fire Ins. Co. v Special Risk Covers, 125 AD2d 243, 244 [1986]). The mailing nevertheless placed defendant on notice of the pending motion for summary judgment in lieu of complaint, and she responded with a cross motion that opposed the motion on various grounds. Plaintiffs then arranged for proper, albeit untimely, service of defendant pursuant to CPLR 308 (2), and advised that they were amenable to any further adjournment of the return date “as defendant and [Supreme] Court may find proper.”
 
 [2]
 
 Accordingly, while a wholesale failure to timely serve defendant with the initiatory papers constitutes “a fatal jurisdictional defect” (Bhanti v Jha, 140 AD3d 685, 686 [2016]; see CPLR 320 [a]; 3213; Segway of N.Y., Inc. v Udit Group, Inc., 120 AD3d 789, 791 [2014]), defendant was placed on notice, then submitted a cross motion that raised various objections and included substantive opposition before being properly served. In light of these peculiar circumstances, as well as the absence of any prejudice flowing from plaintiffs’ missteps, we are persuaded that the untimeliness of the proper service could be and rightly was overlooked (see CPLR 2001, 2004; A & J Concrete Corp. v Arker, 54 NY2d 870, 872 [1981]; compare Segway of N.Y., Inc. v Udit Group, Inc., 120 AD3d at 792 [CPLR 2001 inapplicable where defects in service and in motion papers so “frustrat(ed) the core principles of notice to the defendants” that personal jurisdiction was not acquired over them]).
 

 Defendant additionally contends that she was entitled to a change of venue as a matter of right, asserting that Albany County was improper because neither she nor plaintiffs live or do business there. Plaintiffs relied upon provisions in the purchase and sale agreement between them and Glenwood for their choice of venue (see CPLR 501) but, as noted above, those provisions have no applicability in this action against defendant. Venue instead lies “in the county in which one of the parties resided when [the action] was commenced ... or, if none of the parties then resided in the state, in any county designated by the plaintiff” (CPLR 503 [a]). Plaintiffs, an individual and general partnership, acknowledged in their motion papers that they live and maintain their office in Westchester County (see CPLR 503 [a], [d]). Defendant resides in New York County. Consequently, defendant demonstrated that Albany County was “not a proper county’ for venue, and that part of her cross motion seeking a change of venue to Westchester County should have been granted (CPLR 510 [1]; see CPLR 511 [a]; Valley Psychological, PC. v Government Empls. Ins. Co., 95 AD3d 1546, 1547-1548 [2012]).
 

 Garry, J.P., Mulvey, Aarons and Rumsey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of defendant’s cross motion seeking a change of venue; cross motion granted to said extent and venue changed from Albany County to Westchester County; and, as so modified, affirmed.
 

 [1]
 

 . CPLR 5701 (b) (2) states that an order is not appealable as of right to the extent that it “requires or refuses to require a more definite statement in a pleading.” Plaintiffs suggest that this statute may be applicable to some degree since Supreme Court directed the parties to draft and serve formal pleadings. Defendant does not attack that direction and, as such, we need not decide whether that aspect of the order is appealable as of right (see e.g. Iannucci v Kucker & Bruh, LLP, 42 AD3d 436, 436 [2007]). The remainder of the order undoubtedly is appealable (see CPLR 5701 [a] [1]).
 

 [2]
 

 . The record does not indicate when the affidavit of service was filed with the Albany County Clerk as required, but even assuming that it was filed the same day that substituted service and mailing occurred, service would not have been complete until after the adjourned return date (see CPLR 308 [2]; 320 [a]; 3213).