Young v City of New York (2018 NY Slip Op 05793)





Young v City of New York


2018 NY Slip Op 05793


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2015-11966
 (Index No. 1532/00)

[*1]Kesha Young, etc., et al., appellants, 
v
City of New York, et al., respondents.


Feinsilver Law Group, P.C., Brooklyn, NY (David Feinsilver and H. Jonathan Rubinstein of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner and Julie Steiner of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated September 11, 2015. The order denied the plaintiffs' motion, inter alia, to restore the action to the active calendar and to deem their late notice of claim timely served nunc pro tunc, and granted the defendants' cross motion to dismiss the complaint.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of the plaintiffs' motion, inter alia, to restore the action to the active calendar and to deem their late notice of claim timely served nunc pro tunc and thereafter a new determination of the defendants' cross motion to dismiss the complaint.
After serving an untimely notice of claim, the plaintiffs commenced this action against the defendants in the Supreme Court, Kings County, by summons and complaint dated January 3, 2000. The plaintiffs sought to recover damages for personal injuries arising from the alleged presence of lead in a dwelling owned and maintained by the defendants. After a request for judicial intervention was filed on December 4, 2001, the parties attended a preliminary conference on May 2, 2002, and a compliance conference on January 28, 2003. The parties also engaged in discovery during this period. On June 3, 2003, however, this action was marked "disposed" by the court.
Aside from a deposition conducted on March 17, 2005, this action was dormant until January 26, 2015, when the plaintiffs moved by order to show cause, inter alia, to restore the action to the active calendar and to deem their late notice of claim timely served nunc pro tunc. Unbeknownst to the plaintiffs, the Kings County Clerk's Office encountered some type of error when scanning and uploading the signed order to show cause to the eCourts system. The digital copy of the order to show cause omitted the page containing the return date of February 27, 2015, among other things, although the remaining pages feature the handwritten notation "2/27/15." The plaintiffs printed the faulty digital copy without noticing the error and served that copy on the defendants with supporting papers, using the method specified in the order to show cause.
In response, seven days before the return date, the defendants cross-moved to dismiss the complaint. They argued, among other things, that the plaintiffs' service of the faulty digital copy of the order to show cause constituted a jurisdictional defect, and that the Supreme Court should dismiss the complaint based on the plaintiffs' failure to timely serve the notice of claim. The defendants thereafter appeared on the return date. In an order dated September 11, 2015, the court denied the plaintiffs' motion by order to show cause as "defectively served," and granted the defendants' cross motion to dismiss the action. The plaintiffs appeal.
"The failure to give proper notice of a motion deprives the court of jurisdiction to hear the motion" (Gonzalez v Haniff, 144 AD3d 1087, 1088; see Crown Waterproofing, Inc. v Tadco Const. Corp., 99 AD3d 964, 965). However, the defect in service here was "merely technical" (Ruffin v Lion Corp., 15 NY3d 578, 582; see Matter of Bender v Lancaster Cent. Sch. Dist., 155 AD3d 1590, 1590; Matter of Kennedy v New York State Off. for People with Dev. Disabilities, 154 AD3d 1346, 1347; Matter of Oneida Pub. Lib. Dist. v Town Bd. of the Town of Verona, 153 AD3d 127, 130; Grskovic v Holmes, 111 AD3d 234, 241-242). Under these circumstances, given that no substantial right of the defendants was prejudiced, the Supreme Court should have disregarded the irregularity and determined the motion on the merits (see CPLR 2001; Gonzalez v Haniff, 144 AD3d at 1088; Grskovic v Holmes, 111 AD3d at 241-242).
The defendants' remaining contention is without merit.
MASTRO, J.P., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court