Matter of Naomi R. v New York State Off. of Children & Family Servs. (2023 NY Slip Op 02362)

Matter of Naomi R. v New York State Off. of Children & Family Servs.

2023 NY Slip Op 02362

Decided on May 4, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 4, 2023

535091
[*1]In the Matter of Naomi R. et al., Appellants,
v
New York State Office of Children and Family Services et al., Respondents.

Calendar Date:March 30, 2023

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Criscione Ravala, LLP, New York City (M. Salman Ravala of counsel), for appellants.
Letitia James, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondents.

Garry, P.J.
Appeal from a judgment of the Supreme Court (James P. Gilpatric, J.), entered March 3, 2022 in Ulster County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.
Following an investigation of certain allegations against them, Ulster County Department of Social Services indicated a maltreatment report against petitioners, who thereafter requested that the report be amended to unfounded. On May 13, 2021, respondent New York State Office of Children and Family Services (hereinafter OCFS) sustained the finding of maltreatment as against petitioner Naomi R. but amended the report to unfounded as to petitioner Anthony R. On September 13, 2021, petitioners commenced this proceeding to partially annul OCFS's determination, noticing the petition to be heard on October 18, 2021. No hearing occurred on that return date. On November 3, 2021, Supreme Court advised petitioners that it would not take action on their application until their affidavits of service upon respondents were filed with the court. On November 10, 2021, petitioners filed affidavits indicating that they had personally served the Attorney General on November 5, 2021 and OCFS on November 8, 2021. Respondents then moved to dismiss the petition for failure to comply with the 20-day notice requirement of CPLR 7804 (c). Petitioners opposed the motion and requested that the court permit them the opportunity to file an amended notice of petition or otherwise set a return date for the parties. Supreme Court granted respondents' motion, finding that petitioners' service after September 28, 2021 was a fatal jurisdictional defect, necessitating dismissal of the proceeding. Petitioners appeal, arguing that the failure to comply with the foregoing time constraint is a mere irregularity that does not mandate dismissal for lack of personal jurisdiction. On these facts, we agree.
Pursuant to CPLR 7804 (c), "a notice of petition, together with the petition and affidavits specified in the notice, shall be served . . . at least [20] days before the time at which the petition is noticed to be heard." However, CPLR 2001, which has been held to apply to service defects (see Ruffin v Lion Corp., 15 NY3d 578, 582 [2010]), authorizes a court to "permit a mistake, omission, defect or irregularity . . . to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded." In deciding whether a defect in service is a "technical infirmity" within the scope of CPLR 2001, "courts must be guided by the principle of notice to the [respondent] — notice that must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (Ruffin v Lion Corp., 15 NY3d at 582 [internal quotation marks and citations omitted]).
Although the reasons are not clear upon the [*2]record before us (compare Barclay v New York State Comm. on Legislative & Exec. Compensation, 65 Misc 3d 685, 692 [Sup Ct, Albany County 2019]), it is nonetheless wholly undisputed that the subject application was not heard on the return date proposed by petitioners, nor was there any appearance before Supreme Court, either held or calendared, prior to respondents' motion. It is further undisputed that, apart from failing to strictly comply with CPLR 7804 (c), petitioners properly served respondents. Thus, this case is functionally no different than those in which a return date has been omitted from a notice of petition, and such failures have been held to be technical infirmities within the scope of CPLR 2001 (see Matter of Oneida Pub. Lib. Dist. v Town Bd. of the Town of Verona, 153 AD3d 127, 128 [3d Dept 2017]; see also Matter of Kennedy v New York State Off. for People with Dev. Disabilities, 154 AD3d 1346, 1347 [4th Dept 2017]). Given these facts, although the return date on the notice of petition was defective at the time of service, we find that the service effectuated by petitioners was reasonably calculated to apprise respondents of this proceeding and afford them the opportunity to defend against it (see Ruffin v Lion Corp., 15 NY3d at 582; see generally Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314-315 [1950]). We further find the failure to disregard or permit correction of this technical infirmity to have been an abuse of discretion, particularly given that respondents' proffer of prejudice is entirely theoretical. We therefore reverse.[FN1]
Lynch, Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is reversed, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: To the extent that respondents now also argue that service was untimely pursuant to CPLR 306-b, that argument is unpreserved for our review (cf. JPMorgan Chase Bank N.A. v Kelleher, 188 AD3d 1484, 1485 n 1 [3d Dept 2020], affd 37 NY3d 1038 [2021]). We do note, however, that our holding comports with a court's power under CPLR 306-b to grant an extension of time to effect service beyond both the four-month statute of limitations set forth in CPLR 217 (1) and the 15-day grace period set forth in the statute (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 101 [2001]; see also CPLR 2004).