Matter of Johnny S. v New York State Off. of Children & Family Servs. (2023 NY Slip Op 05775)

Matter of Johnny S. v New York State Off. of Children & Family Servs.

2023 NY Slip Op 05775

Decided on November 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 16, 2023

CV-22-2055
[*1]In the Matter of Johnny S., Appellant,
v
New York State Office of Children and Family Services, Respondent.

Calendar Date:October 19, 2023

Before:Lynch, J.P., Aarons, Pritzker, McShan and Mackey, JJ.

Tully Rinckey, PLLC, Rochester (Karen R. Sanders of counsel), for appellant.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondent.

Aarons, J.
Appeals from two judgments of the Supreme Court (Kevin R. Bryant, J.), entered September 14, 2022 in Albany County, which, in a proceeding pursuant to CPLR article 78, among other things, granted respondent's motion to dismiss the petition.
Petitioner commenced this CPLR article 78 proceeding on June 18, 2022 seeking to challenge respondent's determination denying petitioner's request to have two reports maintained by the Statewide Central Register of Child Abuse and Maltreatment amended to be unfounded and expunged. The petition was noticed to be heard on July 8, 2022. Respondent moved to dismiss contending that petitioner failed to provide the notice required by CPLR 7804 (c). Specifically, respondent noted that petitioner did not serve respondent until July 1, 2022 and failed to serve the Attorney General entirely. Petitioner subsequently served the notice of petition, petition and accompanying memorandum of law upon the Attorney General on July 11, 2022. Conceding that such service was untimely, petitioner cross-moved requesting, among other things, that Supreme Court excuse the late service and entertain the merits of the petition. Supreme Court granted respondent's motion to dismiss and denied petitioner's cross-motion, prompting these appeals.
Respondent concedes that, in light of our recent decision in Matter of Naomi R. v New York State Off. of Children & Family Servs. (216 AD3d 1235 [3d Dept 2023]), Supreme Court erred in dismissing the petition. Here, as in Matter of Naomi R., the return date on the notice of petition was defective at the time of service, as it ran afoul of the 20-day notice requirement set forth in CPLR 7804 (c). The service effectuated by petitioner was, nonetheless, "reasonably calculated" to apprise both respondent and the Attorney General of this proceeding and "afford them the opportunity to defend against it" (Matter of Naomi R. v New York State Off. of Children & Family Servs., 216 AD3d at 1237). Accordingly, respondent's motion to dismiss is denied. In light of this conclusion, petitioner's cross-motion is academic.
Lynch, J.P., Pritzker, McShan and Mackey, JJ., concur.
ORDERED that the judgments are modified, on the law, without costs, by reversing so much thereof as granted respondent's motion to dismiss; motion denied and matter remitted to the Supreme Court to permit respondent to serve an answer within 30 days of this Court's decision; and, as so modified, affirmed.