Matter of B.M (J.M.) (2025 NY Slip Op 51395(U))

[*1]

Matter of B.M (J.M.)

2025 NY Slip Op 51395(U)

Decided on September 3, 2025

Supreme Court, Saratoga County

Kupferman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 3, 2025
Supreme Court, Saratoga County

In the Matter of the Application of B.M, for the Appointment as Guardian of the Person and Property of J.M., 
 An Alleged Incapacitated Person.

Index No. EF20251968

Nicholas J. Orecki, Esq.
Rowlands, Lebrou & Griesmer, PLLC
29 British American Boulevard
Latham, New York 12110
Attorneys for the Petitioner
James T. Towne, Esq.
Mark T. Houston, Esq.
The Towne Law Firm, P.C. 
PO Box 15072 
500 New Karner Road, 2nd Floor
Albany, New York 12212
Attorneys for the Alleged Incapacitated Person ("AIP")

Richard A. Kupferman, J.

In this Mental Hygiene Law article 81 proceeding, the AIP has made a motion seeking to dismiss the petition based upon (1) the failure to schedule a hearing within 28 days and (2) improper service of process. For the reasons set forth below, the motion is denied. 
FACTS
On Friday, May 30, 2025, the petitioner commenced this proceeding by filing a petition seeking the appointment of a guardian for his father (the "AIP"). After this case was assigned the following Monday, this Court signed an order to show cause "OSC" on June 2, 2025, setting the return date for July 9, 2025 and appointing counsel (S. Scott Perkins, Esq.) for the AIP. The next day, on June 3, 2025, the petitioner served copies of the OSC and petition on the AIP by personal delivery and on the AIP's appointed counsel by overnight mail. 
By email dated June 17, 2025, the Court Evaluator requested an adjournment of the [*2]hearing date. By email dated June 18, 2025, the AIP's appointed counsel responded regarding his availability for alternative dates and did not object to the adjournment. On June 25, 2025, retained counsel (Mark T. Houston, Esq. of The Towne Law Firm, P.C.) appeared in this proceeding on behalf of the AIP and did not object to any adjournments.[FN1]
That same day, the Court notified the AIP's retained counsel, among others, that the hearing originally scheduled for July 9 was being adjourned to a date in August given "the complexities of this matter." On June 26, 2025, the petitioner served an amended notice of this proceeding with the new hearing date set by the Court (August 11, 2025). 
On July 31, 2025, the AIP filed an answer to the petition. As an affirmative defense, the AIP objected because the return/hearing date was scheduled more than 28 days from the filing of the petition (a requirement under the prior law), citing to MHL § 81.07(a) (the prior version of this section). No defenses were asserted in the answer regarding service or the lack of personal jurisdiction. 
On August 4, 2025, the AIP (through his retained counsel) filed the instant motion to dismiss pursuant to CPLR 3211(a)(2) & (a)(8). As the grounds for the motion, the AIP asserts (based on the current version of the statute) that the Court lacks subject matter jurisdiction because the return/hearing date was scheduled more than 28 days from the signing of the OSC, citing to MHL § 81.07(b)(1). In addition, the AIP also asserts that the Court lacks personal jurisdiction over him because the papers served did not include two draft signature pages and the County Clerk's entry stamp.
As another conflict arose with the hearing date, the Court inquired at an August 7, 2025 conference about the parties' availability for a new hearing date and the Court Evaluator's progress in preparing his report. The Court Evaluator informed the Court that he had requested, but not yet received, documents, including financial records and medical records, from the AIP's counsel. He further stated that he had not yet been able to meet with the AIP, despite making a written request to do so through the AIP's counsel. In addition, the petitioner's counsel informed the Court that he intended to call several witnesses to testify at the hearing. Based on these circumstances, the hearing date was adjourned to the following month.
Since the last conference, the Court has received the petitioner's opposition to the AIP's motion to dismiss, as well as the AIP's reply papers. The Court has also signed an OSC requested by the AIP on his motion in this case seeking an Order, pursuant to CPLR 2307, for judicial subpoenas to compel the production of records and the attendance of a witness for the hearing.
The hearing is scheduled to begin on September 15, 2025.

ANALYSIS
The AIP contends that this Court erroneously set the return date for July 9, 2025, which was more than 28 days after the signing of the OSC, in violation of a statutory provision requiring the return date to be "no more than" 28 days.[FN2]
The AIP further contends that this error [*3]precludes the Court from considering the merits of the case and requires dismissal for lack of subject matter jurisdiction. In opposition, the petitioner disagrees that this alleged defect impacts the Court's jurisdiction to hear the case and further contends that the alleged defect may be excused. The parties also dispute whether any defects exist in the service of process and, if so, whether the defects require dismissal for improper service.

Subject Matter Jurisdiction
Subject matter jurisdiction denotes a court's power or competence to hear a certain kind of case and adjudicate the general question involved (see Matter of Fry v Village of Tarrytown, 89 NY2d 714, 718-719 [1997]; see also 1 Weinstein, Korn & Miller CPLR Manual § 3.02 [Bender 2025]; 7 Warren's Weed New York Real Property § 76.01 [Bender 2025]; 7 New York Civil Practice: CPLR P 3211.09 [Bender 2025]). "It embraces the types of causes of action a particular court is empowered to adjudicate, and the types of remedies that court is authorized to grant" (1 Weinstein, Korn & Miller CPLR Manual § 3.02[a]). As "a court of original, unlimited and unqualified jurisdiction," the Supreme Court "is competent to entertain all causes of actions unless its jurisdiction has been specifically proscribed" (Matter of Fry, 89 NY2d at 718 [internal quotation marks and citation omitted]; see 1 Weinstein, Korn & Miller CPLR Manual § 3.02[a] ["The Supreme Court may hear all types of cases but those expressly excepted from its jurisdiction by the constitution or legislation"]; see also Miller v Board of Assessors, 91 NY2d 82, 86 [1997]). Moreover, as the jurisdiction of a court derives from the Constitution or statute, the parties may not bestow subject matter jurisdiction onto a court by stipulation or waive their right to raise it as a defense (7 New York Civil Practice: CPLR P 3211.10 [Bender 2025]).
Here, the court's "power" to appoint a guardian under MHL article 81 is set forth in Section 81.02, which focuses on the AIP's needs and capacity. The court's "jurisdiction" is set forth in MHL § 81.04. This provision contains limits on the types of courts which may hear the case; prohibits relief being granted against certain non-residents; and requires that "a hearing or trial" be conducted "in accordance with the provisions of this article" (MHL § 81.04[a] [emphasis added]). Nothing in either of these sections concerns the return date in an OSC or any scheduling matters. 
In addition, the section upon which the AIP relies, MHL § 81.07, does not concern the court's "power" or "jurisdiction" as it relates to the subject matter of the case. Rather, MHL § 81.07 is labeled "Notice" and concerns matters such as scheduling, the contents and form of the OSC, the persons entitled to service of process, and the manner of service. Such terms "notice" and "service" generally touch upon principles relating to due process and personal jurisdiction rather than subject matter jurisdiction. Moreover, technical defects relating to notice and service requirements are generally excusable in the absence of prejudice. Such is reflected in Matter of [*4]Naomi R. v New York State Off. of Children & Family Servs., 216 AD3d 1235 (3d Dept 2023); Capolino v Goren, 155 AD3d 1414 (3d Dept 2017); Matter of Oneida Pub. Lib. Dist. v Town Bd. of the Town of Verona, 153 AD3d 127 (3d Dept 2017); and Taylor v Poole, 285 AD2d 769 (3d Dept 2001).
These cases involved a party's failure to comply with various notice provisions, including by omitting or using a defective return date in an initiatory paper, as well as by failing to provide for proper service of process in an OSC. These defects required the courts to address whether jurisdiction existed over the respondent, not whether subject matter jurisdiction existed. In each of these cases, the courts concluded that the defects were not jurisdictional and that they could be excused under CPLR 2001.
No reason exists to treat this case any differently than these other cases. Just as in these other cases, the alleged defect raises a question as to personal jurisdiction. The alleged defect also has not prevented the purpose of the notice provision from being fulfilled. As in the cases cited above, for example, the statutory purpose of providing notice has been fulfilled. The AIP has received notice of the proceeding, submitted an answer, and been afforded ample time to prepare for the hearing.
In addition, as in these other cases, the alleged defect concerns a technical mistake capable of being excused under CPLR 2001. In fact, the MHL's statutory framework contains its own cure provision in article 81 (MHL § 81.42[a]), which similarly disfavors the dismissal of meritorious cases on technical grounds and precludes dismissal for non-compliance absent prejudice. In particular, MHL § 81.42(a) reads, as follows:
"(a) A motion to dismiss based on the alleged failure to comply with any of the provisions of this article, other than subparagraph (i) of paragraph one of subdivision (d) of section 81.07 of this article, must be determined without regard to technical mistakes, deficiencies, and omissions that do not result in actual prejudice that affects the integrity of the proceeding" (MHL § 81.42[a]).
The only difference between this case and the cases cited above is that the directives in MHL 81.07(b)(1) serve the additional purpose of facilitating the prompt resolution of cases (i.e., the 28-day rule and "good cause" provision). Nonetheless, the error in the return date has not hindered this purpose in any manner. In fact, this Court has proceeded just as speedily as any other case would have proceeded without the error. Issue has been joined; the Court has conducted a pre-hearing conference; a decision has been rendered on this motion; the Court has signed an OSC regarding the AIP's motion to obtain records and witness testimony for the hearing; and a hearing has been scheduled for September 15, 2025. In addition, the additional time required for resolution (i.e., more than 28 days) has been supported by "good cause," including the lengthy petition, the numerous affirmative defenses, the parties' motion practice, and the legal and factual issues raised. 
Accordingly, the Court disagrees that the alleged defect implicates the Court's subject matter jurisdiction. Rather, the issue concerns the Court's jurisdiction over the AIP and whether the alleged defect may be excused under MHL § 81.42(a) or CPLR 2001.

The Application of MHL § 81.42(a) and CPLR 2001
In considering a motion to dismiss based on a failure to comply with the provisions of MHL article 81, Section 81.42(a) provides that the motion "must be determined without regard to technical mistakes, deficiencies, and omissions that do not result in actual prejudice that [*5]affects the integrity of the proceeding" (MHL § 81.42[a]). CPLR 2001 further allows the courts to "permit a mistake, omission, defect or irregularity, including [a] mistake in the filing process, to be corrected" and requires the courts to disregard a mistake, omission, defect or irregularity "if a substantial right of a party is not prejudiced" (see also CPLR 2004 [allowing a court to "extend the time fixed by any statute"]).
Here, the alleged defect is nothing more than a technical objection. It involves an inadvertent scheduling error that could have been easily remedied.[FN3]
In addition, if the case was dismissed, the petitioner could just refile the petition. Further, this defect has not caused the AIP any prejudice. Despite adding only a few extra days, the initial date selected has not had any impact of the progress of the case. As explained above, even if an earlier return date had been selected, the Court would NOT have conducted a hearing on that date, as the hearing ultimately needed to be adjourned for good cause on June 25, 2025.
In addition to the absence of any "actual prejudice," there is also no evidence or indication that this defect has had any impact on "the integrity of the proceeding" (MHL § 81.42[a]). As explained above, the AIP received notice of the proceeding and has been afforded an opportunity to respond. The alleged defect has certainly not impacted the AIP's ability to retain counsel, submit an answer, or prepare for the hearing.
The Court further disagrees with the AIP's generalized contention that his statutory and constitution rights have been violated, as this contention mistakenly assumes that the AIP had an absolute right to a hearing within 28 days. MHL article 81 provided no such guarantee. Rather, the plain language of article 81 expressly authorized the additional time for the hearing to be conducted and further permitted the technical mistake to be ignored in the absence of prejudice (see MHL §§ 81.07[b][1]; 81.42 [a]). Moreover, as discussed above, this case has been advancing in an expedited manner. As such, the error in the return date has not resulted in any statutory or constitutional violation.
The AIP further misplaces reliance on Matter of Theodore T., 28 AD3d 488 (2d Dept 2006), which dismissed a petition based on the failure to timely schedule the return/hearing date. Theodore T. is based on a prior version of MHL § 81.07, which is no longer applicable. The decision also does not address MHL § 81.42(a). In addition, the decision further predates a 2007 amendment to CPLR 2001, which sought to discourage or foreclose the dismissal of meritorious cases on technical grounds (see Matter of Oneida Pub. Lib. Dist., 153 AD3d at 129-130; Nardeo v Diaz, 82 Misc 3d 1092, 1096-1097 [Civil Ct, Bronx County 2024], citing NY Spons. Memo., 2007 SB 3563 and Siegel NY Prac § 6).
The change in the law since Theodore T. is discussed in Oneida Pub. Lib. Dist. There, the Third Department explained that it had previously held that a notice of petition lacking a return date was "jurisdictionally defective" (153 AD3d at 129-130). In view of the 2007 amendment of CPLR 2001, the Third Department concluded that this old rule was "no longer tenable" and that "the omission of a return date in a notice of petition does not constitute a jurisdictional defect so as to deprive the court from assessing whether such omission may be [*6]excused under CPLR 2001" (id. at 130). As Oneida Pub. Lib. Dist. and numerous other decisions following the amendment make clear, cases should be resolved on their merits rather than dismissed on technical grounds (see e.g. Matter of Naomi R., 216 AD3d at 1235; Capolino, 155 AD3d at 1414).
Accordingly, the Court finds that the alleged defect in this case did not preclude it from acquiring personal jurisdiction over the AIP and that the alleged defect in the return date should be excused under MHL § 81.42(a) and CPLR 2001. 

Service of Process
Turning to the remaining grounds asserted in support of the motion, the AIP alleges that there was a deficiency in the service of process because the OSC served on him did not include the County Clerk's entry stamp and the petition served did not include two draft signature pages that had been included as part of the petition filed in this proceeding. As a threshold matter, these objections have been waived, as they were not raised in the AIP's answer or made in a pre-answer motion to dismiss (see CPLR 3211[e]).[FN4]
Similarly, the filing of the notice of appearance by the AIP's retained counsel also renders this a moot point as well (see CPLR 320[b] [providing that a notice of appearance constitutes "personal service of the summons" absent a timely objection]). In addition, these issues also concern an untimely and improper form objection (e.g., the omission of an entry stamp on the papers) that would nonetheless also be precluded under CPLR 2101[f]).[FN5]

Notwithstanding, even assuming that a defect existed with the papers and that these objections had not been waived, MHL § 81.42(a) (as discussed above) requires courts to disregard "technical mistakes, deficiencies, and omissions that do not result in actual prejudice that affects the integrity of the proceeding." Similarly, CPLR 2001 also provides that a court "may permit a mistake, omission, defect or irregularity."
Here, the allege defects are hypertechnical and have not caused any prejudice. The substance of the two unsigned pages (omitted from the service copy) is the exact same as those reflected on pages 23 and 24 of the filed copy (the signed signature and verification pages), which were included with the papers served. The two unsigned pages include no additional information that has any bearing on this proceeding. Similarly, the copy of the OSC served was the copy attached to the Court's email dated June 2, 2025. Aside from omitting the date of entry and the County Clerk's stamp, the two documents are identical.
Numerous cases have excused similar defects under CPLR 2001 (see e.g. Young v City of New York, 164 AD3d 711 [2d Dept 2018] [service of a digital copy of the order to show [*7]cause which omitted the page containing the return date]; Johns v Van Brunt Motors, Inc., 89 AD3d 1188 [3d Dept 2011] [service of a summons with notice rather than service of the filed summons and complaint]; Deans v Sorid, 56 AD3d 417 [2d Dept 2008] [the envelope mailed to the defendant's business office failed to contain the precise language required under CPLR 308(2)]; Sahinis v Brunswick Hosp. Ctr., 264 AD2d 474 [2d Dept 1999] [holding that the filed summons and complaint does not need to be a mirror image of the papers served and that they need only to conform in "all important respects"]; Gamiel v Sullivan & Liapakis, P.C., 259 AD2d 385 [1st Dept 1999] [alteration of the attorney's name on the summons and complaint prior to serving them]; Matter of Vidal v Capitol Hall Preser v HDFC, 2009 NY Misc LEXIS 4408 [Sup Ct, New York County 2009] [holding that dismissal was not warranted despite the failure to serve a complete copy of the petition]).
In applying this case law, it is readily apparent that the alleged defects with the papers served should be excused under CPLR 2001. As explained by the Court of Appeals, the critical factor in determining whether a defect relating to service may be excused concerns whether the AIP received sufficient notice to apprise him of the pendency of the action and afford him an opportunity to present his objections (see Ruffin v Lion Corp., 15 NY3d 578, 582 [2010]). Here, the omitted pages were merely duplicate copies of the signed signature pages in draft form, which has no bearing on the substantive issues in the case. Similarly, the omission of the entry stamp and the County Clerk's signature on the OSC did not deprive the AIP of any notice or opportunity to present his objections. The stamped document and the two missing pages were also readily obtainable through NYSCEF or, alternatively, upon request from petitioner's counsel.
In addition to CPLR 2001, the defect may also be excused under MHL § 81.42(a). In objecting to the petitioner's reliance on MHL § 81.42(a), the AIP correctly notes that this provision exempts one subparagraph from its reach (former MHL § 81.07[d][1][i]), while misconstruing the exemption. The exempted subparagraph does not contain any provision requiring an OSC to be served with an entry stamp or the petition to be served with draft signature pages. Rather, the exemption concerns an AIP's right to "service" or, in its current form, "service of the order to show cause" (see MHL § 81.07[e][1][i]; L. 1992, Ch. 698; L. 2004, Ch. 438; see also Matter of Staiano, 160 Misc 2d 494, 499 [Sup Ct, Suffolk County 1994]).[FN6]
As the AIP has been served with a copy of the OSC (as well as the petition), the exemption (assuming it still exists under MHL § 81.42[a]), is irrelevant.
Moreover, even if a defect existed in the papers served, a similar exemption exists under the case law regarding CPLR 2001 (see Capolino, 155 AD3d at 14145-1416; Segway of NY, Inc. v Udit Group, Inc., 120 AD3d 789, 791-792 [2d Dept 2014]). Under CPLR 2001, and as applied to MHL 81.42(a) by analogy, the exemption relied upon by the AIP is limited in its [*8]application. The exemption does not preclude a court from excusing minor defects in the papers served that do not prevent a respondent from receiving notice of the proceeding and an opportunity to respond (see Ruffin, 15 NY3d at 582; Matter of Naomi R., 216 AD3d at 1236-1237; see also Young, 164 AD3d at 711; Johns, 89 AD3d at 1188).
Further, this case is readily distinguishable from the cases relied upon by the AIP regarding the failure to comply with service directives in an OSC (see Matter of Rivera v Rodriguez, 227 AD3d 1314 [3d Dept 2024]; Matter of Pettus v Wetmore, 81 AD3d 1019 [3d Dept 2011]; Matter of Rotanelli v Board of Elections of Westchester County, 109 AD3d 562 [2d Dept 2013]). Here, unlike in these other cases, the petitioner demonstrated compliance with this Court's directives. The OSC and petition (absent the two duplicate pages) were served on the AIP by personal delivery, as required by the OSC and MHL § 81.07(e). Moreover, unlike in these other cases, the alleged defects here have been excused as technical infirmities under CPLR 2001 and MHL 81.42(a).
It is therefore,
ORDERED, that the motion to dismiss (Motion No. 2) is DENIED, and the petitioner and the AIP are directed to appear for the hearing on September 15, 2025, at 9:30 a.m.
This shall constitute the Decision and Order of the Court. The Court is hereby uploading the original decision into the NYSCEF system for filing and entry by the County Clerk. The Court further directs the parties to serve notice of entry in accordance with the Local Protocols for Electronic Filing for Saratoga County.
So-Ordered.
Dated: September 3, 2025
at Ballston Spa, New York
HON. RICHARD A. KUPFERMAN
Justice Supreme Court
Papers Considered: NYSCEF Doc. Nos.: 1-26, 33-39

Footnotes

Footnote 1:By Order dated June 30, 2025, the Court vacated the appointment of assigned counsel.
Footnote 2:MHL § 81.07 (a) & (b)(1) read in full, as follows:
 "(a) Proceeding. A proceeding under this article shall be commenced upon the filing of the petition.
 
(b) Order to show cause. Upon the filing of the petition, the court shall:
 
1. set the date on which the order to show cause is heard no more than twenty-eight days from the date of the signing of the order to show cause. The court may for good cause shown set a date less than twenty-eight days from the date of the signing of the order to show cause. The date of the hearing may be adjourned only for good cause shown" (emphasis added).
Footnote 3:The AIP or his retained counsel for instance could have simply requested a new return date prior to the expiration of the 28-day period. Had they raised this issue, the Court could have easily issued a new OCS with a return date that fell within the initial 28-day period (e.g., June 30, 2025) or such other date as the AIP desired.

Footnote 4:CPLR 3211(e) provides that an objection on these grounds "is waived if a party moves on any of the grounds set forth in subdivision (a) of this rule without raising such objection or if, having made no objection under subdivision (a) of this rule, he or she does not raise such objection in the responsive pleading" (CPLR 3211[e]).

Footnote 5:CPLR 2101(f) provides that "[a] defect in the form of a paper, if a substantial right of a party is not prejudiced, shall be disregarded by the court, and leave to correct shall be freely given." This provision further provides that the party served "shall be deemed to have waived objection to any defect in form unless, within fifteen days after the receipt thereof, the party on whom the paper is served returns the paper to the party serving it with a statement of particular objections."

Footnote 6:This subparagraph has since been removed following amendments to Section 81.07 in 2004. MHL § 81.07(d), in its current form, concerns only the "legend" included on the OSC. The reference to Section 81.07(d)(1)(i) is to a prior version of the MHL, which included the following provision: "(d) service. 1. The persons entitled to service shall include: (i) the person alleged to be incapacitated" (L. 1992, Ch. 698). The current version of this provision, Section 81.07(e)(1)(i), reads as follows: "(e) Service of the order to show cause. 1. The persons entitled to service of the order to show cause shall include: (i) the person alleged to be incapacitated."