KOD-ROSE HOLDING CORP., Plaintiff, *v.* WALTER AGLIETTI, Defendant.

Municipal Court of New York, Borough of Manhattan, Tenth District, June 5, 1940.

*Jesse Friedman,* for the plaintiff.

*William Mallard* [*William S. Savage* of counsel], for the defendant.

WHALEN, J. The action is for rent for the months of January and February, 1940, of an apartment under a written lease for a term commencing January 1, 1938, and ending December 31, 1939. December 31, 1939, fell on Sunday. January 1, 1940, was New Year's Day, a legal holiday. The tenant moved out on Tuesday, January 2, 1940. Plaintiff claims that defendant is liable as a holdover tenant for the two months the apartment remained vacant, January and February, 1940.

Defendant relies on sections 20, 24 and 25 of the General Construction Law. Section 20, so far as material, reads: " A number

of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made. Sunday or a public holiday, other than a half holiday, must be excluded from the reckoning if it is the last day of any such period, or if it is an intervening day of any such period of two days."

Section 24, so far as material, reads: " The term holiday includes the following days in each year: the first day of January known as New Year's Day. * * * The term half-holiday includes the period from noon to midnight of each Saturday which is not a holiday."

Section 25 reads: " Where a contract by its terms requires the payment of money or the performance of a condition on a public holiday, such payment may be made or condition performed on the next business day succeeding such holiday, with the same force and effect as if made or performed in accordance with the terms of the contract."

The only New York case that has been submitted to me construing these sections of the statute with reference to a claim by a landlord against a tenant for rent on the theory of holdover is that of *Frost* v. *Akron Iron Co.* (1 App. Div. 449). In that case a written lease expired on May 1, 1892, which was Sunday. The tenant started to move prior to May first, but did not complete the moving until some time in the afternoon of May second, at which time the landlord notified the tenant that he regarded him as a holdover. At the trial a verdict was directed for the plaintiff landlord and the tenant appealed and the Appellate Division reversed on the ground that there was a jury question as to whether or not the tenant did not continue the possession after twelve o'clock noon of May first as a result of a new oral agreement with the landlord, which was separate and apart from a continued possession under the lease. In the course of its opinion the court said (p. 453):

" The lease which the defendant held was for three years and four months from the 1st day of January, 1889, which excluded the first day of the term and included the last and would give the defendant to and including the first day of May. As that day fell on Sunday he would have to and including the following Monday, the second day of May. (12 Am. & Eng. Ency. of Law, 985, and cases cited in note 3.)

" It appears, however, to be a custom in the city of New York that where a lease expires on the first day of May the possession of the demised premises shall be surrendered by noon of that day.

Assuming, therefore, that the plaintiff was entitled to the possession of the premises at twelve o'clock noon on May second the first material question in the case is as to whether or not the defendant held over and remained in possession of the premises with the assent of the owner, after the expiration of the term."

It appears from this statement that the court would have absolved the tenant from liability if he had completed his removal prior to noon of May second and it was only because the tenant completed the removal process during the afternoon of May second that a question arose as to whether or not he had continued in possession under the lease beyond the expiration of his term and had incurred thereby a liability as a holdover tenant.

The present case is not complicated by the May first rule. In this case the lease expired definitely by its terms on December thirty-first. That being a Sunday, under the statute the tenant would have all day Monday, January first, to move, and that also being a legal holiday, the inference seems to be clear that the tenant would have all day Tuesday, January second, to move. In *Penrose* v. *Metropolitan Life Ins. Co.* (163 Misc. 241) the last day for the payment of an insurance premium fell on Sunday, September 1, 1935. The next day was Monday, Labor Day, and it was held that the insured had all day Tuesday, September third, within which to pay the premium. In *Matter of Kennedy* (151 Misc. 292) the last day for the filing of a notice of appeal in the Surrogate's Court from an order fixing and assessing a tax fell on Sunday, February 11, 1934. The succeeding day was February twelfth, Lincoln's Birthday, and a public holiday. The notice of appeal was filed on the following day, February thirteenth, and the surrogate of Kings county held that under the provisions of section 20 of the General Construction Law the notice of appeal was filed in time. In the course of his opinion the surrogate said (p. 294): " Applying this principle, which obviously furnishes the correct solution, the effect of section 20 of the General Construction Law is that when the final day on which an act is required to be done falls on a Sunday or a holiday, the day on which the act shall be performed is the next succeeding day which is neither a Sunday nor a holiday."

In my opinion, under the circumstances in this case, by reason of the statute above referred to, the tenant had all day Tuesday, January 2, 1940, in which to vacate the premises and may not be held liable on the theory of a holdover tenancy. Judgment, therefore, will be rendered for the defendant, dismissing the complaint on the merits.