[987 NE2d 636, 965 NYS2d 75]

KENNETH J. HECKER, Appellant, v STATE OF NEW YORK, Respondent.

Argued February 7, 2013; decided March 28, 2013

**APPEARANCES OF COUNSEL**

*Tones Vaisey, PLLC*, Rochester (*Jeffrey A. Vaisey* of counsel), for appellant.

*Kenney Shelton Liptak Nowak LLP*, Buffalo (*Richard C. Brister* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed with costs.

The issue decided by the Appellate Division—whether the area in which plaintiff suffered his injury was a "floor, passageway [or] walkway" within the meaning of 12 NYCRR 23-1.7 (d)—was not preserved in the Court of Claims, and the Appellate Division's ruling must be deemed an exercise of its interests of justice jurisdiction. We have no power to review either the Appellate Division's exercise of its discretion to reach that issue, or the issue itself (*Elezaj v Carlin Constr. Co.*, 89 NY2d

992, 994-995 [1997]; *Brown v City of New York*, 60 NY2d 893 [1983]; *Feinberg v Saks & Co.*, 56 NY2d 206, 210-211 [1982]; *Domino v Mercurio*, 13 NY2d 922, 923 [1963]).

SMITH, J. (concurring). The rule the Court's memorandum opinion relies on is supported by precedent, and I acquiesce, on constraint of that precedent, in the application of the rule to this case. I add this concurrence to explain why I think that the rule is a bad one, and that we should be prepared to reconsider it in a future case.

The decisions cited in the memorandum opinion hold that, where the Appellate Division chooses, in the exercise of its interests of justice jurisdiction, to decide an issue of law that was not preserved in the trial court, we may not review either (1) the Appellate Division's exercise of its discretion in deciding to reach the issue or (2) the issue itself. The first of these restrictions on our power follows from CPLR 5501 (b), which says that, with exceptions not relevant here, "[t]he court of appeals shall review questions of law only." The second restriction does not follow from any statute, does not make sense, and sometimes—as in this case—rewards a party for failing to preserve a legal issue.

The question of the applicability of 12 NYCRR 23-1.7 (d) to the area where plaintiff suffered his injuries is an issue of law of the sort that CPLR 5501 (b) authorizes us to review. The Appellate Division's unreviewable, discretionary choice to reach the issue does not make the issue itself any less one of law. Nor can I imagine any common sense reason why, if the Appellate Division erred in deciding that issue, we should be powerless to correct the error. None of the cases cited in the memorandum opinion, and no other authority of which I am aware, offers any justification, either in statutory language or in policy, for the conclusion that a legal issue in a civil case is made unreviewable here by the failure to preserve it in the trial court, even when the Appellate Division has chosen to review it.

That conclusion is, no doubt, thought to be a corollary of the fiction that we are jurisdictionally barred from reviewing unpreserved issues—a fiction that, as I have explained elsewhere, we have occasionally stated but do not adhere to with any consistency (*see Misicki v Caradonna*, 12 NY3d 511, 524-526 [2009, Smith, J., dissenting]). The underlying assumption seems to be that unpreserved questions of law are not questions of law at all, but I have found no civil case in which we have made that assumption explicit. We have occasionally said in criminal cases that unpreserved issues are not issues of law (*e.g. People v*

*Knowles*, 88 NY2d 763, 768 n [1996])—a misreading, as Judge Pigott explained in a recent dissenting opinion, of a statute limited to criminal cases, CPL 470.05 (2) (*see People v Riley*, 19 NY3d 944, 947-949 [2012]). In the civil area, there is not even a misread statute to support the notion that unpreserved issues are somehow not "legal" ones.

Whatever its rationale may be, the rule we follow today produces a bizarre result. It was defendant, the State of New York, that failed to preserve the section 23-1.7 (d) issue. The Appellate Division, exercising its discretion to forgive defendant's oversight, reached the question anyway, decided that the section did not apply, and dismissed the claim. And now in this Court, claimant loses the case—whether he is right or wrong on the merits—because of *defendant's* neglect. This result is so counter-intuitive—and the cases that we find to compel that result so little known—that the parties not only failed to anticipate it, but assumed the rule to be the opposite. The preservation question is hardly mentioned in the briefs, but when it was raised in oral argument, defendant asserted that the issue was preserved, and claimant said that it was not—i.e., each party took the position that was to the advantage of the other. Counsel will understandably scratch their heads when they read today's decision.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH and PIGOTT concur; Judge SMITH in a separate opinion in which Judge PIGOTT concurs; Judge RIVERA taking no part.

Order affirmed, with costs, in a memorandum.