■ Heidi Moon, Appellant, v Julie Tupler, Respondent. [973 NYS2d 131]—

Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered October 1, 2012, in favor of defendant, Julie Tupler, in the amount of $8,000 with interest, unanimously affirmed, without costs. Appeal from the underlying order, same court and Justice, entered August 17, 2012, which confirmed an award by a special referee and directed the entry of judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The special referee had jurisdiction to hold plaintiff, Heidi Moon, personally liable for "disallowed" expenses, as the court's February 8, 2011 order of reference directed the referee to determine, without limitation (*see* CPLR 4311), plaintiff's compliance with paragraph two of the order that confirmed the arbitration award. Although the arbitrator awarded "restitution" as a remedy, he explicitly recognized that the calculation of damages was "problematic," and thus fashioned an award that included paragraph two, the requirement for an accounting.

Article 75, cited by defendant in her petition to confirm the award, applies only to the confirmation of an award by an arbitrator, as opposed to a referee (*see* CPLR 7510; *Mobil Oil Indonesia v Asamera Oil [Indonesia]*, 43 NY2d 276, 281 [1977]). However, where "a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded" (CPLR 2001; *see also Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138 [1986]), and there was no prejudice in citing the wrong provision in the application to confirm, as plaintiff was aware of the relief being sought and the failure to cite the proper provision did not result in any action being taken against her that would not have occurred had the proper provision, CPLR 4403, been cited. Concur—Tom, J.P., Sweeny, Saxe, Freedman and Clark, JJ.