■ PURSUIT INVESTMENT MANAGEMENT, LLC, et al., Respondents, et al., Plaintiff, v ALPHA BETA CAPITAL PARTNERS, L.P., et al., Appellants, et al., Defendants. [20 NYS3d 529]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered July 28, 2014, which denied a motion by defendants Alpha Beta Capital Partners, LP and Reed Smith LLP to dismiss the complaint as asserted against them, unanimously modified, on the law, to grant the motion to the extent of dismissing the breach of contract claims of plaintiffs Pursuit Investment Management, LLC, Pursuit opportunity Fund I, L.P., and Pursuit Capital Management Fund I, L.P., and otherwise affirmed, without costs.

The motion court erred in finding that all of the plaintiffs had asserted a claim for breach of the settlement agreement against defendants Alpha Beta and Reed Smith, since in the complaint it is sufficiently alleged that only plaintiff Pursuit Capital Management LLC suffered damages (*Harris v Seward Park Hous. Corp.*, 79 AD3d 425, 426 [1st Dept 2010]).

The court should have considered defendants' claim splitting argument, despite their having failed to assert the correct subsection of CPLR 3211 (a), since plaintiffs' substantial rights were not prejudiced, plaintiffs were aware of the relief being sought, and Alpha Beta and Reed Smith's mistake did not result in any action being taken against plaintiffs that would not have occurred had the proper provision been cited (*Moon v Tupler*, 110 AD3d 486 [1st Dept 2013]; CPLR 2001). However, this argument fails on the merits because the two claims are not for the same liability on the same contract (*Murray, Hollander, Sullivan & Bass v HEM Research*, 111 AD2d 63, 66 [1st Dept 1985]), they do not arise out of the same course of dealing, and involve materially different elements of proof and evidence necessary to sustain recovery (*Matter of Reilly v Reid*, 45 NY2d 24, 30 [1978] [discussing the standard for res judicata in light of the general rule against claim splitting]).

The court did not abuse its discretion is declining to stay this action under the circumstances (CPLR 2201).

We have considered the parties' remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Renwick and Manzanet-Daniels, JJ.