# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**884**
**CA 16-00208**
PRESENT: WHALEN, P.J., SMITH, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

PATRICIA J. CURTO, PLAINTIFF-APPELLANT,

               V                      MEMORANDUM AND ORDER

NEW YORK LAW JOURNAL AND ALM MEDIA
PROPERTIES, LLC, DEFENDANTS-RESPONDENTS.

---

PATRICIA J. CURTO, PLAINTIFF-APPELLANT PRO SE.

BARCLAY DAMON, LLP, BUFFALO (KARIM A. ABDULLA OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

     Appeal from an order of the Erie County Court (Michael L. D'Amico,
J.), dated March 9, 2015.  The order affirmed two orders of the Buffalo
City Court (Susan M. Eagan, J.) dated November 1, 2012 and November 7,
2012.

     It is hereby ORDERED that the order so appealed from is unanimously
affirmed without costs.

     Memorandum:  Plaintiff commenced this action in Buffalo City Court
(court) alleging, inter alia, defamation based upon an article that
appeared in defendant New York Law Journal regarding an underlying action
in federal court that plaintiff commenced against a third party under
the Federal Debt Collection Practices Act (FDCPA).  In two orders, the
court denied plaintiff's motion for a default judgment against defendants
and granted defendants' motion to dismiss the complaint pursuant to CPLR
3211 (a) (1) and (7), and County Court affirmed the orders.  We affirm.

     Defendants had 30 days in which to answer the complaint (*see* UCCA
402 [b]) and, contrary to plaintiff's contention, that period ended on
a Sunday and was therefore extended until "the next succeeding business
day" (General Construction Law § 25-a).  Thus, the court properly denied
plaintiff's motion seeking a default judgment.  The court also properly
granted defendants' motion to dismiss the complaint because the alleged
defamatory statements were absolutely privileged under Civil Rights Law
§ 74.  It is axiomatic that
" 'newspaper accounts of . . . official proceedings must be accorded some
degree of liberality' " (*Alf v Buffalo News, Inc.*, 21 NY3d 988, 990).
Upon viewing the article as a whole, we conclude that it is a "substantially
accurate" report of the federal court's decision (*Holy Spirit Assn. for
Unification of World Christianity v New York Times Co.*, 49 NY2d 63, 67).
 Although plaintiff contends that she did not owe a debt and that
defendants' reference to her as a debtor therefore constituted defamation,

it is well settled that "there is 'no requirement that the publication report the plaintiff's side of the controversy'" (*Alf*, 100 AD3d 1487, 1489, *affd* 21 NY3d 988). Indeed, the focus of the article was on the court's denial of summary judgment to the defendant on the ground that "a jury could conclude from this [record] that Defendant[] violated the FDCPA." We have reviewed plaintiff's remaining contentions and conclude that they are without merit.