Maria Cenelia Agudelo de Ocampo, Plaintiff-Appellant, 
against
Stephanie Kurtz and Howard Kurtz, Defendants-Respondents.



Plaintiff appeals from (1) an order of the Civil Court of the City of New York, Bronx County (Paul L. Alpert, J.), entered December 7, 2015, which granted defendants' motion to dismiss the complaint, and (2) and order (same court and Judge), entered February 29, 2016, which denied her motion to renew and reargue the aforesaid order.




Per Curiam.
Order (Paul L. Alpert, J.), entered February 29, 2016, insofar as appealable, modified to grant plaintiff's motion to renew, and upon renewal, defendant's motion to dismiss is granted only to the extent of dismissing those claims that accrued more than six years before commencement of this action; as modified, order affirmed, without costs. Appeal from order (same court and Judge) entered December 7, 2015, dismissed, without costs, as academic.
Although renewal motions generally should be based on newly discovered facts that could not be offered on the prior motion (CPLR 2221[e]), courts have discretion to relax this requirement and grant such a motion in the interest of justice (see Mejia v Nanni, 307 AD2d 870, 871 [2003]). In the circumstances here present, and to achieve substantial fairness (see Tishman Constr. Corp. of NY v City of New York, 280 AD2d 374, 376-377 [2001]), we favorably exercise our discretion and grant plaintiff's renewal motion, since she offered a reasonable justification for failing to submit this new evidence on her original pro se papers in opposition to defendant's dismissal motion and the new evidence would change the prior determination (CPLR 2221[e][2],[3]). 
In this connection, the doctrines of collateral estoppel and res judicata do not bar plaintiff's current action to recover unpaid wages from her former employers, since that wage claim was never litigated or decided in the prior small claims action, which sought reimbursement of legal fees incurred in connection with plaintiff's permanent employment certification application (see Kaufman v Eli Lilly & Co., 65 NY2d 449 [1985]; Salazar v Pantoja, 137 AD3d 511 [2016]). Nor is the action barred by the doctrine of claim splitting because the claims asserted in the two actions do not arise out of the same course of dealing, and involve materially different elements of proof and evidence necessary to sustain recovery (see Pursuit Inv. Mgt., LLC v Alpha Beta Capital Partners, L.P., 134 AD3d 502 [2015]).
However, we agree with defendants that the unpaid wages claim is time-barred by the applicable six-year statute of limitations to the extent it seeks wages that accrued prior to October [*2]2009, and plaintiff's recovery, if any, would be so limited.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 22, 2017