■ DEMARIS WILSON, Appellant, v EXIGENCE OF TEAM HEALTH, Respondent. [57 NYS3d 602]—

Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered March 22, 2016. The order granted the motion of defendant to dismiss the complaint and dismissed the complaint.

It is hereby ordered that the order so appealed from is unanimously reversed on the law and in the interest of justice without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action pursuant to Labor Law § 741 alleging retaliatory discharge. The summons and complaint were filed electronically on October 13, 2015. Defendant thereafter moved to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground that the statute of limitations period had expired. In a supporting memorandum of law, defendant contended that plaintiff's cause of action accrued on October 10, 2013, and thus the two-year statute of limitations period expired on October 10, 2015 (*see generally* § 740 [4] [d]). Supreme Court granted defendant's motion and dismissed the complaint. We reverse the order, deny the motion and reinstate the complaint.

Defendant failed to meet its initial burden of establishing that the statute of limitations period had expired (*cf. Wendover Fin. Servs. v Ridgeway*, 137 AD3d 1718, 1719 [2016], *lv denied* 140 AD3d 1715 [2016]). Even assuming, arguendo, that plaintiff's cause of action accrued on October 10, 2013, we note that the two-year statute of limitations period ended on a Saturday and therefore was extended until "the next succeeding business day" (General Construction Law § 25-a [1]; *see Curto v New York Law Journal*, 144 AD3d 1543, 1543 [2016]).

Because Columbus Day fell on the Monday following that Saturday (*see* § 24), the next business day was October 13, 2015, the date on which the action was commenced. Plaintiff's complaint therefore was timely.

Although plaintiff did not assert that calculation in opposing defendant's motion before the motion court or on this appeal, we deem it appropriate to consider it sua sponte in the interest of justice (*see generally Hecker v State of New York*, 92 AD3d 1261, 1262 [2012], *affd* 20 NY3d 1087 [2013], *rearg denied* 21 NY3d 987 [2013]). As noted above, defendant had the burden of establishing that the statute of limitations period had expired, and it could not refute that such period was extended by operation of law to October 13, 2015 (*see generally Matter of Persing v Coughlin*, 214 AD2d 145, 148-149 [1995]). Present—Peradotto, J.P., Carni, Lindley, Troutman and Scudder, JJ.