321 Bay Ridge Co., Inc. v Cordova (2020 NY Slip Op 50954(U))

[*1]

321 Bay Ridge Co., Inc. v Cordova

2020 NY Slip Op 50954(U) [68 Misc 3d 130(A)]

Decided on August 21, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 21, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-638 K C

321 Bay Ridge Co., Inc., Appellant,
against
Grace Priscilla Cordova, John Doe and Jane Doe, Respondents.

Catafago Fini, LLP (Jacques Catafago of counsel), for appellant.
Brooklyn Legal Services, Inc. (Jooyeon Lee of counsel), for respondents.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County
(Cheryl J. Gonzales, J.), entered February 21, 2018. The final judgment, upon an order of that
court dated January 25, 2017 granting tenant's motion, pursuant to CPLR 4401, made at the close
of landlord's case at a nonjury trial, for judgment as a matter of law, dismissed the petition in a
holdover summary proceeding.

ORDERED that the final judgment is reversed, without costs, the order dated January 25,
2017 is vacated, tenant's motion for judgment as a matter of law is denied, and the matter is
remitted to the Civil Court for a new trial in accordance with this decision and order.
In this holdover proceeding to recover possession of a rent-stabilized apartment, landlord's
termination notice, served pursuant to section 2524.3 (a) of the Rent Stabilization Code (RSC),
alleged, among other things, that tenant had breached a substantial obligation of her tenancy by
"overcrowding" her apartment in violation of Housing Maintenance Code (Administrative Code
of the City of New York) § 27-2075. At the close of landlord's case at a nonjury trial, tenant
moved, pursuant to CPLR 4401, for a directed verdict dismissing the petition. By order dated
January 25, 2017, the Civil Court granted tenant's motion, holding that, absent a violation issued
for overcrowding against the subject premises, the proceeding must be dismissed as premature.
Landlord appeals from a final judgment entered February 21, 2018 pursuant to the January 25,
2017 order.
RSC § 2524.3 (c) permits the maintenance of a holdover proceeding where the
"[o]ccupancy of the housing accommodation by the tenant is illegal because of the requirements
of law and the owner is subject to civil or criminal penalties therefor, or such occupancy is in
violation of contracts with governmental agencies." The Appellate Term, First Department, has
construed this language to mean that a landlord may not maintain a holdover proceeding for
overcrowding commenced pursuant to RSC § 2524.3 (c) unless a violation for
overcrowding has already been issued against the premises (see JMW 75 LLC v Wielaard, 47 Misc 3d 133[A], 2015 NY Slip
Op 50473[U] [App Term, 1st Dept 2015]; 210 W. 94 LLC v Concepcion, 2003 NY Slip
Op 50612[U] [App Term, 1st Dept 2003]; 625 W. End, Inc. v Howard, 2001 NY Slip Op
40496[U] [App Term, 1st Dept 2001]; but cf. E.O.R. Nine of NY Inc. v Thabit, NYLJ,
June 5, 1992 at 33, col 2 [App Term, 2d Dept, 2d & 11th Jud Dists] [affirming the dismissal
of a nuisance holdover petition (see RSC § 2524.3 [b]) and stating that "there was
no proof that the tenants' occupancy was in violation of a statute or that a violation had
been placed on the building by reason of such occupancy"] [emphasis added]). We need not
decide, here, whether to adopt the Appellate Term, First Department's construction of RSC
§ 2524.3 (c) because this proceeding was commenced pursuant to RSC § 2524.3 (a),
which permits the maintenance of a holdover proceeding where the tenant violated a substantial
obligation of the tenancy and is not predicated on the violation of a law or a contract with a
governmental agency (cf. E.O.R. Nine of NY Inc., NYLJ, June 5, 1992 at 33, col 2
[affirming the dismissal of a holdover petition which alleged overcrowding as a nuisance
(see RSC § 2524.3 [b]) because "there was no proof that the tenants' occupancy was
in violation of a statute or that a violation had been placed on the building by reason of such
occupancy" and because the trial evidence did not otherwise support a finding of nuisance]). As
there was no basis for the Civil Court to have granted tenant's motion for a directed verdict, the
matter must be remitted for a new trial limited to the issue of whether tenant violated a
substantial obligation of her tenancy by overcrowding her apartment in violation of Housing
Maintenance Code (Administrative Code of the City of New York) § 27-2075, as alleged in
the predicate notices and petition.
Accordingly, the final judgment is reversed, the order dated January 25, 2017 is vacated,
tenant's motion for judgment as a matter of law is denied, and the matter is remitted to the Civil
Court for a new trial in accordance with this decision and order.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 21, 2020