Hollis Partners, LLC v Artis (2021 NY Slip Op 50888(U))

[*1]

Hollis Partners, LLC v Artis

2021 NY Slip Op 50888(U) [73 Misc 3d 128(A)]

Decided on September 17, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 17, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, J.P., MICHELLE WESTON, DAVID ELLIOT, JJ

2020-296 Q C

Hollis Partners, LLC, Respondent,
against
Vanessa Artis, Appellant, et al., Undertenants.

The Legal Aid Society-Queens Office (Katie Redmon of counsel), for appellant.
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP (Dustin Bowman of counsel), for
respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Julie
Poley, J.), dated December 18, 2019. The order denied tenant's motion to dismiss the petition in a
holdover summary proceeding.

ORDERED that the order is reversed, without costs, and tenant's motion to dismiss the
petition is granted.
In this residential holdover proceeding, tenant appeals from an order which denied her
motion to dismiss the petition on the ground that the notice of termination, which alleged eight
separate instances of nuisance (see Rent Stabilization Code [RSC] [9 NYCRR] §
2524.3 [b]), was defective.
A notice of termination must "adequately apprise [the] tenant of the grounds upon which the
termination was based" (323 3rd St.
LLC v Ortiz, 13 Misc 3d 141[A], 2006 NY Slip Op 52268[U], *2 [App Term, 2d Dept,
2d & 11th Jud Dists 2006]; see
Peng v Van Zandt, 14 Misc 3d 138[A], 2007 NY Slip Op 50272[U] [App Term, 1st
Dept 2007]). The "test for determining the sufficiency of a termination notice is whether it is
reasonable . . . in view of [the] attendant circumstances" (323 3rd St. LLC v Ortiz, 13 Misc 3d 141[A], 2006 NY Slip Op
52268[U], *2 [internal quotation marks omitted]). 
We find that the termination notice upon which this proceeding is based was defective to
[*2]allege a nuisance (see RSC § 2524.3 [b]; see also Domen Holding Co. v
Aranovich, 1 NY3d 117, 123 [2003]; Frank v Park Summit Realty Corp., 175
AD2d 33, 35 [1991], mod on other grounds 79 NY2d 789 [1991]; Giga Greenpoint Realty, LLC v
Mounier, 61 Misc 3d 135[A], 2018 NY Slip Op 51510[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2018]; Montemuino v Gelber, 33 Misc 3d 133[A], 2011 NY Slip Op
51995[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). We note that, to the
extent landlord's overcrowding allegation may have been based, not upon RSC § 2524.3 (b)
(nuisance) as indicated in the notice of termination, but rather upon RSC § 2524.3 (a)
(breach of a substantial obligation of the tenancy) or RSC § 2524.3 (c) (permitting the
termination of the tenancy where occupancy is illegal, subjecting landlord to civil or criminal
penalties), the notice does not sufficiently allege those grounds for termination either (see 321 Bay Ridge Co., Inc. v Cordova,
68 Misc 3d 130[A], 2020 NY Slip Op 50954[U] [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2020]; Brooklyn Home for
Aged People Hous. Dev. Fund Co. v Selby, 32 Misc 3d 130[A], 2011 NY Slip Op
51314[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Landlord is "bound by the notice served" (Singh v Ramirez, 20 Misc 3d 142[A], 2008 NY Slip Op 51680[U],
* 2 [App Term, 2d Dept, 2d & 11th Jud Dists 2008] [internal quotation marks and citation
omitted]), which is not subject to amendment (see Chinatown Apts. v Chu Cho Lam, 51
NY2d 786, 788 [1980]). As none of the allegations in landlord's notice of termination sufficiently
support landlord's claim of nuisance, the petition must be dismissed.
Accordingly, the order is reversed and tenant's motion to dismiss the petition is granted.
TOUSSAINT, J.P., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 17, 2021