Dupont Realty, LLC v Garcia (2021 NY Slip Op 50894(U))

[*1]

Dupont Realty, LLC v Garcia

2021 NY Slip Op 50894(U) [73 Misc 3d 128(A)]

Decided on September 21, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 21, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Hagler JJ.

570030/21

Dupont Realty, LLC,
Petitioner-Landlord-Appellant, 
against
Maximino Garcia and John Garcia, Respondents-Tenants, and Alfonsa
Santiago, Respondent-Undertenant-Respondent, and "John Doe" and "Jane Doe,"
Undertenants.

Petitioner-landlord appeals from an order of the Civil Court of the City of New York, New
York County (Frances A. Ortiz, J.), dated February 10, 2020, which denied its motion to amend
the petition and for summary judgment of possession in a nonpayment summary proceeding.

Per Curiam.
Order (Frances A. Ortiz, J.), dated February 10, 2020, modified, without costs,
petitioner-landlord's motion to amend the petition granted and the matter remanded to Civil
Court for further proceedings, including disposition of petitioner-landlord's motion for summary
judgment.
Civil Court improvidently exercised its discretion in denying petitioner-landlord's motion to
amend the petition to correct a misstatement as to the multiple dwelling status of the building
(see Jackson v New York City Hous. Auth., 88 Misc 2d 121 [App Term, 1st Dept 1976]).
Permission to amend pleadings should be "freely given" (CPLR 3025[b]), and there was no
evidence of any prejudice or surprise to respondents by to the proposed amendment (see A.N.
Frieda Diamonds, Inc. v Kaminski, 122 AD3d 517 [2014]). Since the limited
proposed amendment was clearly described in the moving papers, petitioner-landlord's failure to
submit a proposed amended petition with its moving papers (see CPLR 3025[b]) was a
technical defect, which the court should have overlooked (see CPLR 2001; Medina v
City of New York, 134 AD3d 433 [2015]). Likewise, petitioner's reliance upon subdivision
(c) of CPLR 3025, rather than [*2]subdivision (b), caused no
prejudice, as respondent was aware of the relief being sought (see Pursuit Inv. Mgt., LLC v
Alpha Beta Capital Partners, L.P., 134 AD3d 502 [2015]; Moon v Tupler, 110 AD3d
486 [2013]), and applications to amend under either subdivision are determined "in the same
manner and by weighing the same considerations" (Murray v City of New York, 43
NY2d 400, 405 [1977]).
Civil Court did not reach the balance of petitioner-landlord's motion seeking summary
judgment, and we remand the matter to Civil Court for such determination.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 21, 2021