Thanawala v Allstate Ins. Co. (2021 NY Slip Op 51217(U))

[*1]

Thanawala v Allstate Ins. Co.

2021 NY Slip Op 51217(U) [73 Misc 3d 143(A)]

Decided on December 20, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 20, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Hagler, Silvera, JJ.

570098/21

Shirish K. Thanawala MD a/a/o Roger
Archer, Plaintiff-Appellant, 
against
Allstate Insurance Company,
Defendant-Respondent.

Plaintiff appeals from an order of the Civil Court of the City of New York, Bronx County
(Matthew P. Raso, J.), dated May 4, 2021, which granted defendant's motion to vacate a
stipulation of settlement.

Per Curiam.
Order (Matthew P. Raso, J.), dated May 4, 2021, affirmed, with $10 costs.
We find no abuse of discretion in the grant of defendant's motion to vacate the out-of-court
stipulation of settlement. Theda Browdy, Esq., of the Law Offices of Karen Lawrence, the
attorney that signed the stipulation, had neither actual nor apparent authority to enter into the
stipulation on behalf of defendant (see Hallock v State of New York, 64 NY2d 224
[1984]). The record supports the conclusion that, prior to the execution of the stipulation on June
29, 2017, the Lawrence firm had already been substituted by the Law Office of John Trop by
order of the Supreme Court, Bronx County (Suarez, J.), dated July 9, 2014. Further, the email
correspondence among the various law firms involved shows that plaintiff's counsel was aware of
the substitution prior to the execution of the stipulation, and was expressly informed of
defendant's intention to litigate the case at trial.
Civil Court possesses discretionary power to relieve the parties from the consequences of a
stipulation (see Teitelbaum Holdings v Gold, 48 NY2d 51, 54 [1979]), particularly
where, as here, "it appears that the stipulation was entered into inadvisedly or that it would be
inequitable to hold the parties to it" (1420 Concourse Corp. v Cruz, 135 AD2d 371, 373
[1987], appeal dismissed 73 NY3d 868 [1989], citing Matter of Frutiger, 29
NY2d 143, 150 [1971]). CPLR 5015, cited by defendant in its motion to vacate, applies only
where, unlike the case here, the stipulation is converted to an order or judgment. However,
defendant's reliance upon CPLR 5015 caused no prejudice as plaintiff was clearly aware of the
relief sought (see CPLR 2001; Moon v Tupler, 110 AD3d 486, 487 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 20, 2021