Matter of AMH Resources Corp v French (2025 NY Slip Op 25084)

[*1]

Matter of AMH Resources Corp v French

2025 NY Slip Op 25084

Decided on April 4, 2025

County Court, Warren County

DiMezza, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on April 4, 2025
County Court, Warren County

In the Matter of AMH Resources Corp and 
 WARREN-WASHINGTON ASSOC FOR MENTAL HEALTH Appellant,

against
Vanessa French, Respondent

Index No. 72952

For the Petitioner-Appellant: John D. Wright, Esq.
Bartlett, Pontiff, Stewart and Rhodes, P.C.
1 Washington Street
Glens Falls, New York 12801
For the Respondent- Appellee Barbara Lynn Gifford
Legal Aid Society of NENY, Inc.
40 New Street
Saratoga Springs, New York 12866

Traci DiMezza, J.

Appeal from a final judgement of the Glens Falls City Court (Hobbs, J.) granting Respondent's motion to dismiss a special proceeding commenced under Article 7 of the Real Property Actions and Proceedings Law.
 Procedural History
On October 12, 2023, Petitioner's attorney drafted a Notice of Petition and Petition, returnable in Glens Falls City Court on November 1, 2023.[FN1]
The Notice and Petition were thereafter delivered to the Respondent by "affix and mail" service on Friday, October 20, 2023.[FN2]
On Monday, October 23, 2023, the original Notice of Petition, Petition, and affidavit of service [*2]were filed with the court clerk.[FN3]

Both parties appeared, with counsel, on November 1, 2023. Without disputing receipt of the Notice and Petition, Respondent moved for dismissal of the proceeding as jurisdictionally defective. Arguing that service was not complete until the filing of the affidavit of service on October 23, 2023, Respondent declared AMH in violation of the ten [10] day minimum notice provisions of RPAPL §733[1].
While conceding that the affidavit of service was filed nine [9] days before the parties' first appearance, Petitioner argued that the tenth [10th] day fell on Sunday, October 22nd, and the application of General Construction Law §25-a extends the filing deadline to Monday, October 23rd. 
Without specifically ruling on the questions of whether the filing defect deprived the court of jurisdiction, or if General Construction Law may be applied to extend the Petitioner's filing deadline, the lower court dismissed the Petition, ruling that the late filing was inexcusable due to the availability of the New York State Electronic Filing system (NYSEF) on Sunday, October 22nd. 
On appeal, Petitioner-Appellant points to various holdings within the First, Second and Fourth Departments supporting the application of General Construction Law §25-a to Article 7 of the RPAPL. See, Suderov v. Robyn Industries, Inc., 130 Misc 3d 339 [City Ct Mount Vernon 1985]; Matticore Holdings, LLC v. Hawkins, 76 Misc 3d 511 [Civ Ct Bronx Co 2022]; Wilson v. Exigence of Team Health, 151 AD3d 1849 [4th Dept. 2017]; Scuderi v. Board of Ed. for City School Dist. of City of Yonkers, 49 AD2d 942 [2nd Dept 1975].
In opposition, Respondent-Appellee relies on the oft cited cases of Berkeley, Saltzman, Cat Hollow and Burke, which hold that "special proceedings are governed entirely by statute and there must be strict compliance with statutory requirements to give the court jurisdiction." See, Berkeley Assoc. Co. v. DiNolfi, 122 AD2d 703 [1st Dept. 1986]; Riverside Syndicate, Inc., v. Saltzman, 49 AD3d 402 [1st Dept. 2008]; Cat Hollow Estates, Inc. v. Savoi, 46 AD3d 1293 [3rd Dept. 2007]; Burke v. Aspland, 56 AD3d 1001 [3rd Dept. 2008].

CPLR §2001 and the Liberal Construction Edict
RPAPL §731 formerly provided that a summary proceeding was commenced by the "service of" a notice of petition and petition. In 1992, the Legislature converted civil practice in Supreme and County Courts from a "commencement-by-service" system to a "commencement-by-filing system." RPAPL §731 was thereafter amended to delete the phrase "service of" [L. 1994, c. 563 § 10]. According to a memorandum issued by the Office of Court Administration, that change was made to clarify that summary proceedings are subject to the "commencement-by-filing system" in courts where that system was then in effect. In 2005, the "commencement-[*3]by-filing" system was extended to City Courts, District Courts and the New York City Civil Courts.[FN4]
See, UCCA §400 [FN5]
; CPLR §304[a][c]; CPLR §306-a [a]; CPLR §105[b]; QN St. Albans Holdings LLC v. Sands, 85 Misc 3d 275 [NY Civ. Ct. 2024]; 92 Bergenbrooklyn, LLC v. Cisarano, 50 Misc 3d 21 [App. Term, 2nd Dept. 2015].
In the years following the state's conversion to the "commencement-by-filing system," the Court of Appeals decided a series of cases holding that certain defects or mistakes made at the commencement of an action or special proceeding would result in dismissal. See, In Matter of Gershel v. Porr, 89 NY2d 327 [1996] [failure to purchase index number prior to service]; Fry v. Village of Tarrytown, 89 NY2d 714 [1997] [dismissal of a special proceeding for failure to comply with "commencement-by-filing" requirements]; Harris v. Niagara Falls Bd. of Education, 6 NY3d 155 [2006] [use of an index number from a prior terminated proceeding].
In direct response to the Gershel, Fry and Harris holdings, the New York State Legislature amended §2001 of the Civil Practice Law and Rules. The Legislative purpose behind the amendment, made clear by the Sponsor's Memo, was to "fully foreclose dismissal of actions for technical, non-prejudicial defects" and "to amend the CPLR to give the court discretion to correct or ignore mistakes or omissions that do not prejudice another party." See, NY Spons. Memo., 2007 S.B. 3563; MacLeod v. County of Nassau, 75 AD3d 57 [App. Term, 2nd Dept. 2010].
The 2007 amendment to CPLR §2001 represents "part of the liberal construction edict putting procedure into perspective and reminding bench and bar that procedure is a means, not an end. If a given mistake can be categorized as a mere irregularity CPLR §2001 should be invited onto the scene and made at home." See, Siegel NY Prac 6 [CPLR §2001]; 3 Dolan, Rasch's Landlord and Tenant, Summary Proceedings §43:3.
CPLR §2001 now provides:
"... at any stage of an action, including the filing of a summons with notice, summons and complaint, or petition to commence an action, the court may permit a mistake, omission, defect or irregularity to be corrected, upon such terms as may be just, or if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded."
In 2010, the Court of Appeals was presented with its' first opportunity to address the legislative amendment of CPLR §2001, in Ruffin v. Lion Corp., 15 NY3d 578 [2010]. In that case, the Supreme Court, King's County, declared that the failure of an out-of-state process sever to comply with the requirements of CPLR §313 represented a "mere irregularity that could be [*4]disregarded." The Appellate Division, Second Department, reversed, holding that "statutes defining the methodology of service may not be overlooked or ignored." See, Ruffin v. Lion Corp., 63 AD3d 814 [2d Dept. 2009].
The Court of Appeals, rejecting the Appellate Division's strict compliance approach to an irregularity in service, ruled that CPLR §2001 was designed to excuse non-prejudicial defects in both filing, and service. Effectively disavowing their previous rulings in Gershel, Fry & Harris, the Court of Appeals held that commencement errors related to service may be overlooked if the defect results in no prejudice to an opposing party.
"In deciding whether a defect in service is merely technical, courts must be guided by the principle of notice to the defendant—notice that must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections If a defect has no effect on the likelihood of receipt of actual notice the court may choose to correct or disregard it as a technical infirmity under CPLR 2001." Id., at 582.
In the years following the Court of Appeals' decision in Ruffin, CPLR §2001 has been applied in countless trial court decisions across the state, including holdings in each of the four Appellate Divisions. See, United Services Auto. Ass'n v. Kungel, 72 AD3d 517 [App. Div., 1st Dept. 2010]; James v. iFinex Inc., 185 AD3d 22 [App. Div., 1st Dept. 2020]; Young v. City of New York, 164 AD3d 711 [App. Div., 2nd Dept. 2018); Oneida Public Library Dist. v. Town Bd. Of Town of Verona, 153 AD3d 127 [App. Div., 3rd Dept. 2017]; Johns v. Van Brunt Motors, Inc., 89 AD3d 1188 [App. Div., 3rd Dept. 2011]; Matter of Naomi R. v. New York State of Off. of Children & Family Servs., 216 AD3d 1235 [App. Div., 3rd Dept. 2023]; Bender v. Lancaster Cent. School Dist., 155 AD3d 1590 [App. Div., 4th Dept. 2017]; Kennedy v. New York State Office for People with Developmental Disabilities, 62 N.Y.S.3d 253 [App. Div., 4th Dept. 2017].
Most notably, in Oneida Public Library Dist. v. Town of Verona, the Appellate Division, Third Department, ruled that the omission of a return date on a Notice and Petition in a special proceeding was a technical infirmity that should have been disregarded by the lower court. In recognizing the legislative intent behind the amendment of CPLR §2001, the court stated " our previous holdings that errors made at commencement deprive the court of jurisdiction are no longer tenable and a court may allow a petitioner to correct any mistake, omission, defect or irregularity upon such terms as may be just." Id. above, at 130.

RPAPL §733 & RPAPL §735
All civil proceedings are prosecuted either in the form of an action, or a special proceeding, and both are governed by the Civil Practice Law and Rules. See, CPLR §103. Despite its unique nomenclature, a summary proceeding is, in fact, a special proceeding, and is subject to the remedial provisions of CPLR §2001. See Nardeo v. Diaz, 82 Misc 3d 1092 [NY Civ. Ct. 2024] [a summary proceeding is not a "special kind of special proceeding"].
RPAPL §733[1] provides, in relevant part: "The notice of petition and petition shall be served at least ten and not more than seventeen days before the time at which the petition is noticed to be heard." If service of the notice and petition is made by alternate service, RPAPL §735[2][b] provides that " proof of service shall be filed with the court within three days after mailing to the respondent" and " such service shall be complete upon the filing of proof of service."
In all civil proceedings, personal jurisdiction is acquired when there has been personal [*5]delivery of the papers to a respondent. With alternate service, personal jurisdiction is acquired when there has been a delivery or an "affixing" of the papers, accompanied by a subsequent mailing. For decades, the untimely filing of the affidavit of service has been universally disregarded as a non-jurisdictional technical infirmity, absent a showing of prejudice. See, Reporter Co., Inc. v. Tomicki, 60 AD2d 947 [App. Div., 3d Dept.1978][filing of proof of service pertains to the time which defendant must answer and not jurisdiction which is obtained at the time of service]; Miller Greenberg Management Group, LLC v. Couture, 193 AD3d 12 [App. Div., 3d Dept. 2021][failure to file proof of service is a procedural irregularity, not a jurisdictional defect]; Helfand v. Cohen, 110 AD2d 751 [App. Div., 2d Dept.1985][jurisdiction is obtained at the time of service and not at the filing of proof of service]; Conde v. Zaganjor, 66 AD3d 947 [App. Div., 2d Dept. 2009][filing proof of service does not relate to jurisdiction]; Bell v. Bell, Kalnick, Klee & Green, 246 AD2d 442 [App. Div., 1st Dept. 1998][proceedings otherwise properly commenced cannot be defeated by a mere irregularity in service]; PM-OK Associates v. Britz, 256 AD2d 151 [App. Div. 1st Dept. 1998][deficiency in affidavit of service is a non-jurisdictional irregularity]; Discover Bank v. Eschwege, 71 AD3d 1413 [App. Div., 4th Dept. 2010] [Failure to file proof of service is a procedural defect, not a jurisdictional defect].
In summary proceedings, there has been considerable dissent among the different judicial departments regarding the jurisdictional implications of the belated filing of an affidavit of service. For many years, the First Department has maintained a "strict compliance" approach to statutory construction, while the Second Department holds that non-prejudicial irregularities may be disregarded pursuant to CPLR §2001. See, Berkeley Assoc. Co. v. DiNolfi, 122 AD2d 703 [1st Dept. 1986]; Riverside Syndicate, Inc., v. Saltzman, 49 AD3d 402 [1st Dept. 2008]; Siedlecki v. Doscher, 33 Misc 3d 18 [App. Term, 2d, 11th, & 13th Jud. Dists., 2d Dept. 2011]; Friedlander v. Ramos, 3 Misc 3d 33 [App. Term, 2nd Dept. 2004]). The Fourth Department holds that the belated filing of an affidavit of service is not a jurisdictional defect, but instead, a mere procedural irregularity that can be cured by an order nunc pro tunc. See, Cooley v. Vanslyke, 82 Misc 3d 342 [NY City Ct. 2023], citing, Ward v. Kaufman, 120 AD2d 929, [4th Dept. 1986].
In the case at bar, the Respondent points to the rulings in Burke and Cat Hallow, holding "special proceedings are governed entirely by statute, and it is well established that there must be strict compliance with the statutory requirements to give the court jurisdiction." However, the underlying facts in both of those cases involved questions of subject matter jurisdiction, not personal jurisdiction. In Burke, the property which the Petitioner sought to recover was located outside the court's geographical limits. In Cat Hallow, the Petitioner, in a non-payment proceeding, failed to plead or prove any amount of un-paid rent. The facts in Burke and Cat Hallow stand in stark contrast to the issues in the present case, and neither are persuasive on the issue of notice or personal jurisdiction.
It is worth noting that both Berkeley and Saltzman were decided years before the Court of Appeals' decision in Ruffin, and not a single Third Department ruling cites to either holding. It is also worth remark that recent decisions in the First Department illustrate a growing trend of courts rejecting the principal that all technical defects in a summary proceeding are fatal. See, 200 E 16th Street Housing Corporation v. Tea Time NY LLC, 85 Misc 3d 1216(A) [NY Civ. Ct. 2025] [permission to amend pleadings in summary proceeding should be "freely given" and defects in affidavit of service are required to be overlooked, absent prejudice]; Nardeo v. Diaz, 82 Misc 3d 1092, [NY Civ. Ct. 2024] [late filing of the affidavit of service in a summary proceeding is non-jurisdictional and may be overlooked pursuant to CPLR §2001]; Dupont [*6]Realty, LLC v. Garcia, 73 Misc 3d 128(A) [NY App. Term. 2021] [technical errors in pleadings may be overlooked in a summary proceeding absent prejudice or surprise].
Whatever continued validity Riverside and Saltzman maintain in the First Department, they are not controlling in the Third Department. Binding precedent on the question before this Court was established by the Court of Appeals' decision in Ruffin, which was later adopted in the Third Department by the 2017 Appellate Division decision in Oneida. While facing the same question of whether violations of statutorily prescribed service and filing requirements impact personal jurisdiction in a special proceeding, both the Court of Appeals and the Appellate Division ruled that such defects may be overlooked in the absence of prejudice.
While RPAPL §735 governs the procedural methods of service and filing in a summary proceeding, RPAPL §733 governs the substantive notice requirements. The purpose of the minimum notice provisions is to ensure that respondents received adequate notice and are afforded time to prepare a defense. See, Djokic v. Perez, 22 Misc 3d 930 [NY Civ. Ct. 2008].
In this case, Respondent relies too heavily on the "service is complete" language contained within §735, arguing that a technical violation of that provision automatically implicates notice. That argument, however, appears to ignore the fact that the filing of the affidavit of service is a purely ministerial act, utterly unconnected to service, and is of no consequence to the tenant's receipt of actual notice. There is an important distinction between a true service defect that results in an untimely or failed delivery, and a filing irregularity that results in no prejudice to another party. "When all acts necessary to complete service were timely, other than the filing of proof, dismissal of a proceeding would be exaltation of a technicality." See, Revelstoke Properties, Inc. v. Beaumont Neckwear, Inc., 114 Misc 2d 545 [Civ. Ct., NY Co., 1982]; ZOT, Inc. v. Watson, 20 Misc 3d 1113(A) [NY Civ. Ct. 2008].
The provisions of CPLR §2001, General Construction Law §25-a, Judiciary Law §282-a, and UCCA §1003 were created for the purpose of permitting courts to disregard non-prejudicial errors so that cases may be decided on their merits. Post Ruffin, there is simply no persuasive authority to support the premise that a court's discretion may be invoked in all actions and special proceedings, except summary proceedings. See, Dupont Realty, LLC v Garcia, 73 Misc 3d 128[A] [App. Term, 1st Dept., 2021][the remedial provisions of the CPLR apply to summary proceedings]; Lanz v. Lifrieri, 104 AD2d 400 [App. Div., 2nd Dept.1984] [applying GCL §25-a to excuse the late mailing of petition after affixing, since that day fell on a Saturday]; Wilmington Savings Fund Society, FSB as Trustee for Brougham Fund I Trust v. Iandoli, 83 Misc 3d 1251(A) [NY Sup. Ct. 2024] [CPLR §2001 applies to special proceedings]; Kyriacou v. Kangelaris, 169 Misc 2d 236 [NY Dist. Ct. 1996] [summary proceedings should not be dismissed for hyper-technical defects]; Friedlander v. Ramos, 3 Misc 3d 33, [App. Term 2004] [failure to file proof of service is amendable nunc pro tunc, when there is no prejudice to the late filing].
It is important to address two final points. First, the service window of RPAPL §733 is permissive, and petitioners may choose to secure the earliest possible return date, or the latest. If landlord-tenant matters are always heard in Glens Falls City Court on Wednesday, petitioners who are forced to rely on alternate service may never avail themselves of the minimum ten [10] day service window, or the seventeen [17] day maximum, as the tenth [10th] and seventeenth [17th] day will always fall on Sunday. Those same service limitations would apply in courts that hear landlord-tenant matters on Tuesday, or whenever a legal holiday falls ten [10] or seventeen [17] days before a court's pre-established hearing date.
While the strict application of §735[2][b] may not significantly infringe upon the length of a petitioner's service window in busy housing courts that hear eviction matters every day, the same cannot be said of smaller courts where those matters are heard only once a week. When a particular statute specifies a period of time to complete an act, and that period consists of a matter of days, it is unreasonable to permit the occurrence of a weekend or a holiday to shorten that time period. See, Benoit v. New York Central. & H.R.R. Co. [4th Dept. 1904]; Shields v. Benderson Dev. Co., 76 Misc 2d 322; Kod-Rose Holding Corp. v. Aglietti, 174 Misc. 276.
In the absence of any prejudice, such a rigid construction of RPAPL §735 would perpetuate a fundamental unfairness on petitioner's, made even more inequitable by the court's own scheduling practices. That result is impossible to reconcile with the drafters' intention to "bring summary proceedings within the range of remedial procedure" and not "render them more technical than they were before." While they are still statutory proceedings, they "should not be so hypercritically restricted as to destroy the very remedy which they are designed to afford." See, Reich v. Cochran (1911) 201 NY 450, 455 [94 N.E. 1080]; Revelstoke Properties, Inc. v. Beaumont Neckwear, Inc.,114 Misc 2d 545 [Civ. Ct., NY Co]; Paracha v. County of Nassau, 228 AD2d 422 [2nd Dept., 1996].
Lastly, while electronic document delivery is available in the city courts [FN6]
, the EDDS system is not available for commencement filings. The Petitioner's filing on October 23, 2023, represented the initial filing in this case. Since it appears that Glens Falls City Court has not yet discontinued the use of the "commencement-by-service" system or applied the amended UCCA §400 to summary proceedings, Petitioner could not have utilized the EDDS to file the affidavit of service without an index number or payment of the index fee.

Conclusion
In this case, there is no dispute that service of the Notice and Petition was effected at least ten [10] days before the scheduled return date and there is no claim that the belated filing of the affidavit of service diminished the Respondent's awareness of the legal proceeding, or her ability to appear or prepare a defense. Respondent's argument rests solely on a procedural infirmity which the lower court erred in concluding could not be disregarded or corrected, pursuant to CPLR §2001.
Accordingly, having failed to reach any of the substantive matters raised in the Petition, this matter is hereby remitted to the Glens Falls City Court for further proceedings consistent with this Decision and Order.
Dated: April 4, 2025
Hon. Traci DiMezza
J.C.C./A.C.C.J.

Footnotes

Footnote 1:The self-affixed return date was established in accordance with the lower court's practice of hearing landlord-tenant proceedings every Wednesday.

Footnote 2:There is no dispute that the Petitioner completed the "mail" portion of alternate service on the same day that the Petition was "affixed."

Footnote 3:The lower Court's decision and both legal briefs state that this proceeding was commenced on October 12, 2023, and that the Petition was served on October 20, 2023. While the record on appeal illustrates that the Petition was dated October 12, 2023, the original Notice of Petition, Petition, and Affidavit of Service were not filed with the court until October 23, 2023. Therefore, service of the Notice and Petition occurred three days prior to the assignment of an index number and payment of the requisite fee.

Footnote 4:See, L 1992, ch 216, §§ 4, 27; L 2005, ch 452 §§ 1, 4, 7. Only Town and Village Justice Courts continue to be governed by the commencement-by-service system.

Footnote 5:UCCA §400, provides, in relevant part: A special proceeding is commenced by filing a notice of petition and petition or order to show cause and petition. At the time of filing, the original and a copy of the papers shall be date stamped by the court clerk who shall file the original and maintain a record of the filing and shall return the copy to the party who brought the filing. Jurisdiction is acquired over a party to a special proceeding by service upon such party of a copy of the notice of petition and petition. The actual index number shall be on the notice of petition as served. Failure to include the index number on the papers as served shall be cured by stipulation between the parties or by leave of court, which shall not be unreasonably withheld.
Footnote 6:NYSCEF (New York State Courts Electronic Filing) is not currently available in city courts outside New York City.